## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PRESTON LEWIS**                                           **CIVIL ACTION**

**VERSUS**                                                  **NO. 22-4007**

**JONATHAN FRIEDMAN et al.**                                **SECTION: "G"**


### ORDER AND REASONS

This litigation arises from law enforcement's alleged arrest of *pro se* Plaintiff Preston Lewis ("Plaintiff") on October 2, 2019 in New Orleans, Louisiana, and the seizure of $11,020 in cash on Plaintiff's person (the "Cash").[1] Before the Court is Plaintiff's Motion to Recuse.[2] Plaintiff moves the Court to recuse itself pursuant to 28 U.S.C. § 455 because he asserts that the Chief United States District Judge's impartiality may reasonably be questioned.[3] Plaintiff asserts that recusal is warranted because the Judge "has previously worked for the city of New Orleans in which some of the Defendants are in the said above case."[4] Plaintiff also states that the Judge "might have engaged in a 4 to 5 [minute] ex-parte meeting with the attorneys of state troopers and judge commissioner Jonathan Friedman."[5] Plaintiff suggests that during a status conference held via Zoom on May 1, 2023, Plaintiff was "let into the meeting with everyone else already

---

[1] *See* Rec. Doc. 39.

[2] Rec. Doc. 71.

[3] Rec. Doc. 71-1.

[4] *Id.* at 1.

[5] *Id.*

1

present."[6]

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The goal of section 455(a) is to avoid even the appearance of partiality."[7] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[8] However, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified."[9]

In assessing a motion to recuse under Section 455(a), the court should be guided "by an independent examination of the facts and circumstances of the particular claim."[10] The Fifth Circuit "has recognized that section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue."[11] "Thus, if a reasonable man, cognizant of the relevant circumstances surrounding a judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality, then the judge should find that section 455(a) requires his

---

[6] *Id.* at 1–2.

[7] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)

[8] *Trust Co. of Louisiana v. N.N.P.,* 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).

[9] *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972)).

[10] *Republic of Panama v. Am. Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (internal citations omitted).

[11] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (citing *Jordan*, 49 F.3d at 157).

recusal."[12] "[T]he decision to recuse is committed to the sound discretion of the trial court[;]"[13] however, "[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal."[14]

As an initial matter, Plaintiff's argument that the Judge "might have engaged in a 4 to 5 [minute] ex-parte meeting with the attorneys of state troopers and judge commissioner Jonathan Friedman" is factually incorrect.[15] The Court never engaged in any ex parte communications in this matter. The Court scheduled a status conference via videoconference on May 1, 2023 at 2:00 PM.[16] Plaintiff and attorneys for the various defendants in this matter were all admitted into the videoconference at the same time.

Plaintiff also contends that recusal of the undersigned Chief United States District Judge is warranted pursuant to Section 455(a) because reasonable people would question the Judge's impartiality, in view of her previous position as City Attorney for the defendant City of New Orleans.[17] Indeed, the Judge served as City Attorney for the City of New Orleans from May 2010 to October 2011. The Judge ceased working for the City of New Orleans nearly twelve years ago, when she was appointed to the bench. This case involves an alleged arrest of Plaintiff on October 2, 2019, in New Orleans, Louisiana, many years after the Judge ceased working for the City.

The Fifth Circuit addressed a similar situation in *Chitimacha Tribe of Louisiana v. Harry*

---

[12] *Id.* (internal citations omitted).

[13] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997).

[14] *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) (per curiam)).

[15] Rec. Doc. 71-1 at 1.

[16] Rec. Doc. 55.

[17] Rec. Doc. 71-1.

*L. Laws Co., Inc.*[18] On appeal, the plaintiff argued, *inter alia*, that the district court erred in denying a motion to disqualify because the district judge formerly represented one of the defendants.[19] The Fifth Circuit found this argument without merit, noting that "Section 455(b)(2) only requires a judge to disqualify himself if 'he served as a lawyer in the matter in controversy.'"[20] Additionally, the Fifth Circuit found that the relationship between the district judge and the defendant terminated at least six years earlier, when the district judge was appointed to the bench, and was "too remote and too innocuous to warrant disqualification under" Section 455(a).[21]

As discussed by the Fifth Circuit in *Chitimacha Tribe of Louisiana*, 28 U.S.C. § 455(b)(2) requires disqualification "[w]here in private practice [the judge] served as lawyer in the matter in controversy." Section 455(b)(2) is not applicable here because the Judge did not serve as a lawyer in the matter in controversy. Furthermore, the mere fact that the Judge represented the City almost twelve years ago is "too remote and too innocuous to warrant disqualification under" Section 455(a).[22]

Additionally, the Judicial Conference of the United States' Committee on Codes of Conduct recommends that newly-appointed federal judges who are withdrawing from private practice consider "a self-imposed automatic rule of disqualification" for a period of "at least two years, recognizing that there will be circumstances where a longer period is more appropriate."[23]

---

[18] 690 F.2d 1157 (5th Cir. 1982).

[19] *Id.* at 1166.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *See* Financial Settlement and Disqualification on Resignation from Law Firm, Advisory Op. No. 24

All the events at issue in this case occurred more than eight years after the undersigned Chief United States District Judge was appointed to the bench. Plaintiff has not pointed to anything that would indicate any conflict or potential conflict because of the Judge's prior representation of any party in this matter, and the Court is unaware of any.

The Court has no extrajudicial knowledge relevant to any of the allegations contained in Plaintiff's pleadings, and otherwise has no interest in the outcome of the litigation. The Court harbors absolutely no favoritism or antagonism that would make fair judgment impossible. Plaintiff has not identified anything about the Court's previous work as City Attorney that would make a reasonable and objective person, knowing all of the facts, harbor doubts concerning the Court's impartiality in its adjudication of this case. Therefore, the Court does not find any facts or circumstances warranting recusal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Recuse[24] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this ___6th___ day of June, 2023.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

(Judicial Conference Committee on Codes of Conduct June 2009).

[24] Rec. Doc. 71.