UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESTON LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 22-4007** |
| **JONATHAN FRIEDMAN, ET AL.** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court are various motions referred to the undersigned by the District Court Judge for an order or orders. (Rec. doc. 102). A short background of the underlying facts of this lawsuit will aid in the understanding of the resolution of these motions.

This litigation arises from law enforcement's alleged arrest of *pro se* Plaintiff Preston Lewis ("Plaintiff") and the seizure of $11,020.00 in cash on Plaintiff's person (the "Cash"). (Rec. doc. 39). Plaintiff brings claims against, *inter alia*, Defendants Jonathan Friedman ("Friedman"), a Commissioner at Orleans Criminal District Court; and Troy Pichon ("Pichon"), Steve Lynn ("Lynn"), and Trent Cuccia ("Cuccia"), all three of whom are Louisiana State Troopers.

In his Amended Complaint, Plaintiff alleges that, on October 2, 2019, while boarding an Amtrak train in New Orleans, Louisiana, he was approached by Defendants, Raymond Del Valle and Pichon, who told him they were looking for an individual named Brandon Lewis. (Rec. doc. 39 at 6). After Plaintiff told them that he was not Brandon Lewis and presented his identification card, Plaintiff alleges that he was detained and taken to a room where he "was searched against his will." (*Id.*). Specifically, Plaintiff alleges that Del Valle and Pichon waited for Lynn to arrive with his K-9,[1] at which time the officers "spread [Plaintiff's] bags over the room" and allowed the dog to perform an "open air sniff." (*Id.* at

---

[1] This refers to K-9 Boyka, an actual Defendant in this lawsuit who has not yet been served.

6-7). Plaintiff contends that he was wearing a heart monitor, sat for a long period of time, complained of chest pains, "and was told to shut up" as the officers searched his bags. (*Id.* at 7). Plaintiff alleges that the officers found the cash in one of his bags and proceeded to confiscate it and his Amtrak ticket even though Plaintiff asserted his Fifth Amendment rights and told them that he had a receipt for the cash. (*Id.*).

Plaintiff further alleges that, after he was released, he "was presented a notice of pending forfeiture," and he filed "a claim with the Orleans Parish District Court" for the return of his property. (*Id.* at 10). Plaintiff avers that he called the District Attorney's Office and spoke with Defendant, Blaise D'Antoni, "an attorney of the said property forfeiture," who told Plaintiff "the case was over and that the court sent certified mail to the address [Plaintiff] had on file and that [Plaintiff had] lost [his] property for failure to respond." (*Id.* at 11).

Plaintiff hired an attorney and attempted to retrieve the ash, all to no avail and – according to Plaintiff's allegations – due to the fault of his attorney and the Orleans Criminal District Court. (*Id.* at 11-13). On October 18, 2022, Plaintiff sued Defendants in this Court for negligence, claims under 42 U.S.C. § 1983 for deprivation of his civil rights in violation of the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments (collectively, the "Section 1983 Claims"), and claims under Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act Claim"). Plaintiff also seeks $50 million in damages. (*Id.* at 16).

On December 8, 2022, Friedman filed a Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, and for Insufficient Service of Process ("Friedman's First Motion to Dismiss"). (Rec. doc. 9). On January 5, 2023, Pichon, Lynn, and Cuccia ( the "State

2

Troopers") filed a Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, and for Insufficient Service of Process ("State Troopers' First Motion to Dismiss"). (Rec. doc. 20). On January 13, 2023, this Court allowed Plaintiff to amend his complaint, and Friedman and the State Troopers updated their motions to dismiss. (Rec. docs. 25, 40, 47).

On May 9, 2023, the District Court, Chief Judge Brown, to whom this lawsuit was originally allotted, held:

> The Court lacks subject matter jurisdiction over Plaintiff's claims for damages against Movants in their official capacities and dismisses those claims without prejudice. Plaintiff's remaining claims against Movants are prescribed and so the Court dismisses those claims with prejudice. Therefore, the Court need not reach the other grounds for dismissal raised by Movants. While the Court understands Plaintiff's difficult predicament, the facts alleged establish that his claims are prescribed as a matter of law.

(Rec. doc. 57 at 23). (footnote omitted). The Court thus granted Friedman's and the State Troopers' second motions to dismiss. (*Id.* at 23-24).

Since the District Court's ruling, Plaintiff has littered the docket with motions directed at the dismissed Defendants.[2] The first motion before the Court is Plaintiff's Motion to Modify and to Strike. (Rec. doc. 74). The motion is opposed, (rec. doc. 78), and Plaintiff filed a reply. (Rec. doc. 80). On June 9, 2023, Plaintiff filed this motion, which is technically his third attempt to set aside Chief Judge Brown's May 9, 2023 order in which she dismissed the claims against Friedman the State Troopers. (Rec. doc. 57). Plaintiff now moves to strike Chief Judge Brown's Order under Federal Rule of Civil Procedure 12(f). However, as previously noted by Chief Judge Brown, under Rule 12(f), a judge's order is not a pleading that can be stricken from the record. (Rec. doc. 67 at 2) (citing *Burnett v. ARCCA Inc.*, No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) (denying motion to

---

[2] On June 9, 2023, Chief Judge Brown transferred this lawsuit to newly-appointed District Court Judge Papillion. (Rec. doc. 73).

3

strike a motion to dismiss because "[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings")).

A judge's order is not considered a *pleading* under Rule 7(a), which a document must be to strike it under Rule 12(f). *Sec. & Exch. Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2019 WL 2515000, at *1 (N.D. Tex. June 18, 2019) ("Rule 7(a) provides a list of permitted 'pleadings' that determines what constitutes a pleading that is subject to being stricken under Rule 12(f)."). The only pleadings permitted by the Federal Rules are a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a cross claim, a third party complaint, an answer to a third party complaint, and, if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Because a judge's order is not a pleading, Rule 12(f) is not applicable here. Plaintiff's Motion to Modify and to Strike (rec. doc. 74) is therefore **DENIED**.

The second motion is Plaintiff's Motion to Submit Evidence. (Rec. doc. 75). The motion is unopposed. Having reviewed the motion and finding that the evidence/documents that Plaintiff seeks to submit are public records and known to all parties, the motion is **GRANTED**.

The next motion is Plaintiff's Motion for Leave of Court to File Supplemental Pleading. (Rec. doc. 76). Friedman opposes the motion. (Rec. doc. 79). Plaintiff's motion must be denied for several reasons. First, on May 30, 2023, Chief Judge Brown notified Plaintiff that he was required to file any future contested motions with a memorandum in support and a notice of submission, (rec. doc. 67), yet he failed to comply with those instructions with regard to this motion, which has neither a memorandum in support nor a

notice of submission.³ Indeed, Plaintiff even failed to contact any Defendant to determine whether he opposed the motion. And because Plaintiff failed to file a memorandum in support, he does not address the factors under Rule 15 that control whether he may be allowed to file a supplemental (or amended) complaint.

The Court notes that when Plaintiff earlier sought to amend his pleadings, Chief Judge Brown specifically found that any potential amendment against Friedman would be futile and any attempt to amend the pleadings would be judicially inefficient. (Rec. doc. 57 at 23 n.147). She held that any official-capacity claim against Commissioner Friedman would be barred by the Eleventh Amendment, and any individual-capacity claim would be barred by absolute judicial immunity, as all claims against Friedman stem from his actions as a judicial officer for the Criminal District Court for Orleans Parish. (*Id.* at n.147, 148).

Moreover, Plaintiff failed to attach any proposed pleading/amendment to his motion which would allow this Court and Friedman to verify if he veritably seeks to add supplemental claims that have arisen since the filing of his original complaint. The motion (rec. doc. 76) is thus **DENIED** as futile.

Plaintiff has also filed a Motion to Strike Defendants' Attorney and all Pleadings on File from Attorneys of Defendant Jonathan Friedman. (Rec. doc. 81). Friedman opposes the motion, (rec. doc. 82), and Plaintiff filed a reply. (Rec. doc. 86). The basis for Plaintiff's motion appears to be that "it is illegal for a corporation to act as a pro se in a case." (Rec. Doc. 81 at 2). Plaintiff further argues that "the law provides that no corporation can act as a

---

³ *See also* E.D. La. Loc. R. 7.4 ("All contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities. If the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion.").

5

pro se litigant in a case that they are [a part] of and therefore must be represented by [a] license[d] attorney who is not [a part] of the company or corporation." (Rec. doc. 81 at 2).

This motion is beyond frivolous. It is axiomatic that Friedman is not a corporation, and he does not proceed *pro se* in this lawsuit. He is represented by the Office of the Louisiana Attorney General. Liberally construing Plaintiff's motion, Plaintiff appears to seek to disqualify counsel for Friedman, potentially arguing that the Office of the Attorney General is a "corporation." To the extent the motion may be construed as a motion to disqualify, this Court must carefully consider such a motion because of the potential for abuse, and because such motions may be used as "procedural weapons" to advance purely tactical purposes. *In re Am. Airlines*, 972 F.2d 605, 611 (5th Cir. 1992). "Motions to disqualify are generally disfavored and require a high standard of proof so as not to deprive a party of its chosen counsel." *Leleux-Thubron v. Iberia Par. Gov't*, Civ. A. No. 13-852, 2015 WL 339617, *4 (W.D. La. Jan. 23, 2015). The Fifth Circuit has held that attorney disqualification, particularly disqualifying an entire firm (or here, the entire Office of the Attorney General) "is a sanction that must not be imposed cavalierly." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995).

Under Louisiana law, the Louisiana Attorney General is statutorily obligated to defend state officials and state employees who are sued for tort damages, such as in this lawsuit. La. Rev. Stat. § 13:5108.1. While Plaintiff alleges that the representation of Friedman by the Department of Justice is "illegal" due to its "corporate" status, state law unequivocally gives the Attorney General the sole responsibility to determine if a state official or employee meets the legal threshold for defense. La. Rev. Stat. § 13:5108.1(B). A plaintiff, including Lewis, cannot override the Attorney General's determination made

pursuant to his statutory role, particularly when he is neither a current nor a former client. *See Hawkins v. Sanders*, Civ. A. No. 10-13323, 2020 WL 6582263, *4 (M.D. La. Nov. 10, 2020) ("Because the Attorney General's Office's representation of [the State defendants] is mandated by Louisiana statute, this Court cannot find that the representation creates an appearance of impropriety or that the public interest is harmed by the representation. There is no disqualifying conflict arising of [Plaintiff's] theory that the Attorney General's Office cannot represent a state official or employee alleged to have violated Louisiana criminal law."). Plaintiff's vacuous arguments fail here. The motion (rec. doc. 81) is **DENIED**.

Plaintiff has also filed a Motion for Extension of Time to Serve Summons and Complaint. (Rec. doc. 83). The motion is unopposed. From the convoluted docket sheet in this case, it is entirely unclear what "summons and complaint" Plaintiff seeks an extension of time to serve. Plaintiff has moved numerous times for similar extensions, the majority of which have been denied. Defendants are well aware of the allegations in this lawsuit, having filed motions to dismiss Plaintiff's claims and ultimately prevailing on those motions. Affidavits of service (rec. docs. 93-96) have now been filed into the record since the filing of this motion, and it thus appears that this motion is now moot. Accordingly, the motion (rec. doc. 83) is **DISMISSED AS MOOT**.

Also before the Court is Plaintiff's Motion for Sanctions. (Rec. doc. 84). Plaintiff seeks sanctions against Friedman and his counsel under Rule 11(c)(2). (*Id.* at 1). Yet Plaintiff failed to comply with the procedural requirements of Rule 11, which provide that a motion for sanctions must be served to an opposing party but "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is

7

withdrawn or appropriately corrected within 21 days after service[.]" Fed. R. Civ. P. 11(c)(2). This creates a "safe harbor" period during which a party can avoid sanctions by withdrawing or correcting the challenged document or position after receiving a motion for sanctions. *See Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016). Plaintiff failed to serve his motion for sanctions to Defendant Friedman before filing it with the Court. The motion is **DENIED** on this basis alone. *See Mackey v. Am. Multi-Cinema, Inc.*, No. CV 20-1350, 2023 WL 4637076, at *2 (E.D. La. July 20, 2023) (denying Defendant's motion for sanctions under Rule 11 for failing to comply with Rule 11's safe harbor requirements).

The Court does not rest here, however. Plaintiff specifically seeks sanctions against Friedman and his attorneys because they have filed oppositions to his motions addressed in this Order even though Friedman and his counsel have been terminated from the lawsuit. This is fallacious at its best, given that ***Plaintiff is the party who has, in effect, directly prompted the oppositions from Friedman and his counsel by filing the motions against Friedman and his counsel even though they have been dismissed from this lawsuit***. Plaintiff is thus the offender here and has himself precipitated the filing of the oppositions, which would not be necessary if Plaintiff respected that Friedman and his counsel are no longer parties to this lawsuit.

It does not end there, however. Even though Plaintiff seeks more than a $1 million sanction award under Rule 11, he also mentions 28 U.S.C. § 1927 (a separate provision under which a court may award sanctions). The Court quotes ***verbatim***:

> Under federal statute section 1927 of title 28 state any attorney or other person admitted conducting cases in any cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase cost unreasonably and vexatiously may be required by the court to personally satisfy such excess cost.

(Rec. doc. 84 at 2). Citation to this paragraph is galling to say the least, given that all of the motions that this Order addresses have been filed by Plaintiff, who is unreasonably and vexatiously multiplying these proceedings with his harassing and abusive motion practice against parties who have been dismissed from this lawsuit. ***Plaintiff should be careful what he prays for*** as he may soon find himself subject to a competing motion for sanctions for abusing the judicial process in this lawsuit. No party – *pro se* or otherwise – is allowed to abuse the judicial process simply because he is unhappy with the outcome.

Plaintiff has also filed a Motion to Strike Defendants Troy Pichon, Steve Lynn, and Trent Cuccia Attorney [sic] from Record. (Rec. doc. 91). The motion is unopposed. This motion is **DISMISSED AS MOOT** given that these three Defendants have already been dismissed from this lawsuit, (rec. doc. 57), and for the same reasons outlined with regard to the Motion to Strike Defendants' Attorney and all Pleadings on File from Attorneys of Defendant Jonathan Friedman. (Rec. doc. 81).

Plaintiff then moves to strike Defendant Jonathan Friedman's attorney from the case. (Rec. doc. 92). This motion is opposed, (rec. doc. 97), and Plaintiff filed a reply. (Rec. doc. 100). This motion is **DENIED** given that Friedman has been dismissed from this lawsuit, (rec. doc. 57), and for the same reasons outlined with regard to the Motion to Strike Defendants' Attorney and all Pleadings on File from Attorneys of Defendant Jonathan Friedman. (Rec. doc. 81).

Lastly, Plaintiff has filed a Motion to See Attorney's for Defendant Jonathan Friedman Foreign Registration Statement and Anti Bribery Statement. (Rec. doc. 101). The motion is unopposed. It is also incomprehensible. Plaintiff provides no reason why he needs to see this information (if it even exists). Plaintiff recognizes that, if they do exist,

9

these documents must be matters of public record. (Rec. doc. 101 at 1). This Court does not compel production of documents to which both parties have access and that are matters of public record. The motion (rec. doc. 101) is thus **DENIED**.

New Orleans, Louisiana, this  7th  day of    September    , 2023.

_____
MICHAEL B. NORTH
**UNITED STATES MAGISTRATE JUDGE**