UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRESTON LEWIS | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4007 |
| JONATHAN FRIEDMAN, ET AL. | * | SECTION "P" (2) |

**REPORT AND RECOMMENDATION**

Pending before me pursuant to Judge Papillion's April 26, 2024 Order of Reference is Defendants National Railroad Passenger Corporation (AMTRAK) and Raymond DelValle's (the "AMTRAK Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint. ECF Nos. 148, 180. Plaintiff Preston Lewis timely filed an Opposition Memorandum, and the AMTRAK Defendants filed a Reply Memorandum. ECF Nos. 149, 160. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, IT IS RECOMMENDED that the AMTRAK Defendants' Motion to Dismiss be GRANTED IN PART AND DENIED IN PART for the reasons stated herein, but that Plaintiff be permitted to amend his complaint as to his § 1985 conspiracy claims as to overt acts occurring after October 18, 2021only claims within 14 days.

I. **BACKGROUND**

   A. **Relevant Case History**

Plaintiff filed this civil rights action against multiple defendants, including the AMTRAK Defendants, on October 18, 2022. ECF No. 1. He filed a First Amended Complaint on February 20, 2023,[1] and a Second Amended Complaint on January 8, 2024.[2]

---

[1] ECF Nos. 25, 39.
[2] ECF Nos. 142, 144.

1

B. **Factual Allegations**

Plaintiff alleges that on October 2, 2019, he was boarding an AMTRAK train in New Orleans when he was approached by two plainclothes officers, who he now knows to be a Louisiana State Trooper[3] and an Amtrak Police Department Detective Raymond DelValle.[4] Plaintiff asserts the officers detained him by placing him in handcuffs and taking him to a room where he was searched against his will.[5] According to Plaintiff, he was wearing a heart monitor at the time of the incident and was experiencing chest pains but the officers refused to render aid.[6] Plaintiff remained in the room with the officers while they waited for a "Louisiana State Trooper K-9 unit" to arrive.[7] Upon arrival, Detective DelValle and the Louisiana State Troopers spread Plaintiffs bags across the room and K-9 Boyka conducted an open-air sniff.[8] Plaintiff avers that K-9 Boyka did not alert to anything, but the officers nevertheless proceeded to search his bags, where they found a separate, vacuum-sealed bag, containing $11,020 in cash.[9] Plaintiff contends he explained to the officers that he had just received the cash from a civil suit in Georgia, but the officers seized the money anyway.[10] Plaintiff claims the officers also seized his train ticket, vacuum sealer, and identification card and then released him without providing any method for him to reclaim his property or to return to his home in Florida.[11]

---

[3] The state trooper is not named in Plaintiff's Second Amended Complaint because Plaintiff's claims against him and other Louisiana state officials were dismissed prior to the filing of Plaintiff's Second Amended Complaint. *See* ECF No. 57; *see also* ECF No. 141 (requiring Plaintiff to remove the troopers' names from the proposed second amended complaint to avoid any confusion as to whether Plaintiff was attempting to re-assert his claims against these defendants).
[4] ECF No. 144 at 2–3.
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 4.
[11] *Id.*

2

Because the officers failed to identify themselves and were plain-clothed, Plaintiff alleges that he contacted the New Orleans Police Department ("NOPD") for assistance in determining the officers' identities.[12] Plaintiff states that the NOPD officer assisting him did not disclose the other officers' names but told Plaintiff that the other officers were "higher up" than the assisting officer.[13] According to Plaintiff, no criminal charges were ever brought against him,[14] and he "took it upon himself" to file a claim in the Orleans Parish District Court for the return of his property.[15] Plaintiff alleges that he filed "the contested papers" with the court on November 1, 2019, "within the statutory deadline."[16] When Plaintiff did not receive any notices from the court regarding his contested property forfeiture, he alleges he contacted the court in early 2020 but was informed that the courthouse was closed due to COVID-19. He nevertheless continued to contact the court and the Orleans Parish District Attorney's Office and finally spoke to Blaise D'Antoni, who allegedly told Plaintiff he was the attorney handling the forfeiture and that Plaintiff lost his property for failure to respond to the notices the court sent to the address it had on file for Plaintiff.[17]

Plaintiff alleges that he used the money from his federal stimulus check in February 2021 to hire an attorney, Jacob Weixler, "to see if this was a real case or [if] he just [got] robbed by some goons."[18] Plaintiff contends Weixler failed to file anything on his behalf until 2022. At some point in 2022, Weixler filed a motion and informed Plaintiff that "he found some papers that [Plaintiff] filed with the court on November 1, 2019, in a hidden folder where no one could find

---

[12] *Id.*
[13] *Id.*
[14] *Id.* at 7.
[15] *Id.* at 10.
[16] *Id.*
[17] *Id.* at 11.
[18] *Id.*

it."[19]  Dissatisfied with the pace of the case and the lack of contact from his attorney, Plaintiff asserts that he went to the court himself in May 2022, and he was allegedly told that there were no records pertaining to his forfeiture.[20]  Plaintiff then returned to the Clerk of Court sometime after July 2022—the date by which Weixler purportedly told Plaintiff he would have his money back—and Lewis was able to obtain "court records only the court had access to . . . [that] just popped up out of thin air after years of trying to locate them."[21]  Plaintiff asserts that these records reflected a notice of an upcoming September 21, 2022, court date, which Plaintiff contends he never received from the court or his attorney.[22]

Plaintiff alleges that he appeared and represented himself at the September 21 hearing and that Randy Hoth, the new assistant district attorney handling his case, failed to appear. According to Plaintiff, the judge ordered the return of the property but said that, because Weixler had not withdrawn as counsel, Weixler needed to draft the order for the court to sign.[23]  Weixler prepared the necessary documents, and Plaintiff received the "court order."[24]  Plaintiff alleges he has taken the court's order to every evidence location in New Orleans and was told they have no such property and have never had any such property.[25]  As of the filing of his Second Amended Complaint, Plaintiff still had not been able to recover the property that was taken from him.[26]

---

[19] *Id.* at 12.
[20] *Id.* at 13.
[21] *Id.*
[22] *Id.*
[23] *Id.* at 14. Plaintiff's complaint refers to the document Weixler needed to prepare as a "motion," but from context, it would more appropriately be described as an order or judgment.
[24] *Id.*
[25] *Id.*
[26] *Id.* at 14–15.

Plaintiff's Second Amended Complaint alleges a multitude of claims against numerous defendants, including the AMTRAK Defendants.[27] Plaintiff attempts to summarize his legal claims in four different parts of his complaint, but each summary includes claims slightly different from the others.[28] Combining the four summaries and construing Plaintiff's allegations broadly, the Court finds that Plaintiff asserts claims under (1) Louisiana Civil Code article 2315; (2) 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution;[29] (3) Title II of the Americans with Disabilities Act ("ADA") of 1990; (4) Section 504 of the Rehabilitation Act of 1973; and (5) 42 U.S.C. § 1985 for conspiracy to violate his civil rights.[30] Plaintiff's § 1985 claim alleges that the state troopers and DelValle, along with Orleans Parish Assistant District Attorneys D'Antoni, Hoth, and Giavotella, Judge Zeno, and the Clerk of the Orleans Parish Criminal District Court, conspired with each other to fraudulently conceal all information from Plaintiff to cover up for the state troopers and DelValle and to keep Plaintiff from recovering for the violation of his civil rights, all for the purpose of protecting the State of Louisiana's financial interest.[31] Plaintiff seeks $50,000,000 in damages.

## C. The Motion to Dismiss

The AMTRAK Defendants move to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6), arguing that the claims are prescribed, and no equitable tolling exception applies. ECF No. 148. They urge this Court to adopt Chief Judge Brown's reasoning in her Order and

---

[27] Other defendants include K-9 Boyka; the Office of National Drug Control Policy; Orleans Parish Assistant District Attorneys Blaise D'Antoni, Randi Hoth, and Alexandra Giavotella; "Unknown Conductor Captain of AMTRAK Train;" the Clerk of Court for the Orleans Parish Criminal District Court; Honorable Melvin Zeno; and Cuong Vu.
[28] *See* ECF No. 144 at 2, 6, 9, 19–20.
[29] Plaintiff also references 42 U.S.C. § 1988, which merely authorizes imposition of costs and reasonable attorneys' fees to the prevailing party in a civil rights suit.
[30] ECF 144 at 18–19.
[31] *Id.*

5

Reasons granting various Louisiana State Troopers' and Jonathan Friedman's Motions to Dismiss because Plaintiff's claims against the AMTRAK Defendants "closely parallel" his claims against the dismissed Defendants.[32] Because there is no federal statute of limitations governing Plaintiff's § 1983, § 1985, Rehabilitation Act, or ADA claims, Defendants argue, the claims are governed by the one-year prescriptive period set forth by Louisiana tort law for personal injury claims, as are any Louisiana tort claims Plaintiff has raised. *Id*. at 6. Applying Louisiana's one-year prescriptive period and tolling principles and federal law on the accrual date of a civil rights action, the AMTRAK Defendants contend that Plaintiff's claims are facially prescribed and should not be equitably tolled. *Id*. at 8-11. Finally, Defendants assert that Plaintiff's conspiracy allegations are insufficient to toll the prescriptive period. *Id*. at 12.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[33] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[35] The court need not, however, accept as true legal conclusions couched as factual allegations.[36] To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[37] If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to

---

[32] ECF No. 148 (citing ECF No. 57, Order and Reasons finding that Plaintiff's claims against state trooper Defendants were prescribed and not subject to the equitable tolling doctrine of *contra non valentem*).
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[34] *Id*.
[35] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[36] *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.
[37] *Id*.

relief, the court must dismiss the claim.[38] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[39]

### III.  LAW AND ANALYSIS

The AMTRAK Defendants argue Plaintiff's claims against them should be dismissed because they are prescribed for essentially the same reasons that the Court previously found Plaintiff's claims against the Louisiana State Troopers and Jonathan Friedman (an Orleans Parish Criminal District Court Magistrate Judge) were prescribed. Indeed, after Plaintiff filed his First Amended Complaint but before he filed his Second Amended Complaint, the Court dismissed Plaintiff's claims against the state troopers and Friedman, finding that Plaintiff's claims against them in their official capacities were barred by the Eleventh Amendment and his claims against them in their individual capacities were prescribed.[40] The AMTRAK Defendants subsequently filed a motion to dismiss arguing that Plaintiff's claims against them were similarly prescribed.[41]

Plaintiff then sought and was granted leave to file his Second Amended Complaint.[42] According to the AMTRAK Defendants, the claims asserted against them in Plaintiff's Second Amended Complaint suffer from the same fatal deficiencies as his First Amended Complaint.[43] That is, Plaintiff's claims are prescribed on the face of the complaint, and no equitable tolling provision applies. The AMTRAK Defendants further argue that Plaintiff's civil conspiracy claims are insufficient to toll the prescriptive period because Plaintiff's allegations fail to establish a prima facie case of civil conspiracy. In opposition, Plaintiff argues that the prescriptive period for his

---

[38] *Lormand*, 565 F.3d at 255–57.
[39] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[40] *See* ECF No. 57.
[41] ECF No. 109.
[42] ECF Nos. 142, 144.
[43] ECF No. 148.

7

claims against the AMTRAK Defendants should be equitably tolled because (1) Defendants fraudulently concealed their identities from Plaintiff; (2) *contra non valentem* applies; (3) the discovery rule applies; and (4) his conspiracy claims are sufficient to toll the prescriptive period. ECF No. 149-1.

### A. Applicable Statutes of Limitation

A motion to dismiss may be granted on statute of limitations grounds where it is evident from the pleadings that the action is time barred, and the pleadings fail to raise a basis for tolling.[44]

Plaintiff's Second Amended Complaint asserts claims under 42 U.S.C. §§ 1983, 1985, and 1988; Section 504 of the Rehabilitation Act of 1973; and Louisiana "constitutional and statutory law" claims.[45] Construing Plaintiff's *pro se* complaint broadly,[46] the Court will address the issue of prescription regarding any claims under Louisiana tort law; the Rehabilitation Act; 42 U.S.C. §§ 1983 and 1985;[47] and any disability claims under Title II of the Americans with Disabilities

---

[44] *Taylor v. Bailey Tool Mfg. Co.,* 744 F.3d 944, 946 (5th Cir. 2014 (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)); *accord Bernegger v. Dep't of Revenue,* 785 F. App'x 209, 212 (5th Cir. 2019) (per curiam).

[45] *See* ECF No. 144 at 2; ¶3 at 6; ¶ (G)(1)-(3) at 20. Although Plaintiff purports to raise claims under "state constitutional and statutory law," he does not identify any Louisiana constitutional or statutory provisions. Instead, Plaintiff appears to assert only Louisiana tort claims, and seeks damages for, *inter alia*, "[n]egligence damage and tort damages"; "[s]pecial damages for medical hospital and physicians' expenses… [and] lost wages." The applicable prescriptive period for a Louisiana constitutional or statutory claim varies depending on the nature of the claim. For example, LA. REV. STAT. 13:5111 provides a three-year prescriptive period for a takings claim brought under LA. CONST. ART. I, § 4. *See Avenal v. State*, 2003-3521 (La. 10/19/04); 886 So.2d 1085, 1104-05. Given Plaintiff's failure to identify a Louisiana Constitutional or statutory provision and his demand for personal injury damages, the court construes his state claims as tort claims, which are subject to a one-year prescriptive period.

[46] *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) (holding *pro se* complaints must be broadly construed).

[47] Plaintiff alleges that Defendants were acting "not as individuals, but rather [u]nder the color of authority of the laws of the State of Louisiana…" and names "Task Force officer (TFO)" Detective Raymond DelValle "in his individual capacity of the AMTRAK Police Department assigned to Louisiana State Police, HIDTA Group." ECF No. 144 at 1. Plaintiff further alleges that DelValle was "acting under HIDTA and The OFFICE OF NATIONAL DRUG CONTROL POLICY" ECF No. 144 ¶ 10 at 5. The AMTRAK Defendants fail to address whether DelValle was acting under color of state or federal law when he approached Plaintiff on October 2, 2019. To the extent Plaintiff claims DelValle was acting under color of state law, his claims would arise under 42 U.S.C. § 1983. To the extent Plaintiff asserts claims against DelValle in his capacity as a federal officer, Plaintiff's claims would necessarily arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for victims of constitutional violations by federal governmental officials in their individual capacities and is considered the federal analog to suits brought under § 1983. *See Hartman v. Moore*, 547 U.S. 250, 258 (2006); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the main difference being that § 1983 applies to constitutional violations by state, rather than

Act of 1990 ("ADA").[48]  In assessing whether the §§ 1983 and 1985, Rehabilitation Act, and ADA Title II claims are prescribed, the Fifth Circuit directs the Court to borrow the limitations period from state tort law.[49]

Under Louisiana law, delictual or actions are subject to a one-year prescriptive period.[50] Accordingly, all of Plaintiff's claims will be assessed under Louisiana's one-year prescriptive period and tolling principles, though federal law determines when the cause of action accrues.[51] Under federal law, a cause of action accrues when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[52]  A plaintiff need not know that he has a legal cause of action; he need know only the facts that would ultimately support a claim.[53]  A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."[54] Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."[55]

---

federal officials"), *overruled on other grounds Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003). *Bivens* also borrows from state personal injury limitations period and tolling provisions.  *Starks v. Hollier,* 295 F. App'x. 664, 665, 2008 WL 4488543, at *1 (5th Cir. 2008) ("Because there is no federal statute of limitations for § 1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state.") (citing *Brown v. Nationsbank Corp.,* 188 F.3d 579, 590 (5th Cir.1999); *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993) (holding that federal court should also give effect to any applicable tolling provisions when applying forum state's statute of limitations)).
[48] *See* ECF No. 57 at 19 & n.130 (explaining that Plaintiff's ADA claims against movants would fall under Title II of the ADA as claims against state officials) (citing 42 U.S.C. § 12131).
[49] *McClintock v. Sch. Bd. of East Feliciana Parish,* 299 Fed. App'x 363, 365 (5th Cir. 2008) (addressing the prescriptive period for Section 1983 claims); Frame v. City of Arlington, 657 F.3d 215, 236–237 (5th Cir. 2011) (addressing the prescriptive periods for claims under Title II of the ADA and Section 504 of the Rehabilitation Act).
[50] La. Civ. Code art. 3492.  *See also In re Ford Motor Co. Bronco II Prod. Liab. Litig,* 982 F. Supp. 388 (E.D. La. 1997 (Sear, J).
[51] *Helton v. Clements,* 832 F.2d 332, 334-35 (5th Cir. 1987) (citing *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir. 1980), on rehearing, 644 F.2d 1023 (5th Cir.1981)); see also *Rodriguez v. Neeley,* 169 F.3d 220, 222 (5th Cir.1999).
[52] *Rodriguez v. Holmes*, 963 F.2d at 803, citing *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir.1987); *Jacobsen v. Osborne,* 133 F.3d at 319; *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir.1998).
[53] *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001); *Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir.1983).
[54] *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995) ("*Pietrowski I*").
[55] *Piotrowski I,* 51 F.3d at 516

Plaintiff concedes that his claims are prescribed on the face of the complaint,[56] leaving for determination only whether his claims should be equitably tolled. Although Plaintiff argues that prescription of his other claims should be tolled because of the Defendants' alleged conspiracy, conspiracy is a claim in and of itself, not an exception to prescription. Accordingly, Plaintiff's conspiracy claim is addressed separately from Plaintiff's admittedly facially prescribed claims.

### B. Tolling – Contra Non Valentem

*Contra non valentem non currit praescriptio* is a judicially created exception to prescription under which "prescription does not run against a person who could not bring his suit."[57] Prescription begins to run on the date that the injured party discovered or should have discovered the existence of facts that would entitle him to bring suit.[58] "Constructive knowledge is whatever notice is enough to excite attention and put the injured person on guard and call for inquiry."[59] Louisiana recognizes four categories of *contra non valentem* that prevent the running of prescription:

> where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.[60]

---

[56] ECF No. 149-1 at 8.
[57] *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.,* 2021-00061 (La. 10/10/21); 333 So.3d 368, 374 (citation and internal quotation omitted).
[58] *Cartwright v. Chrysler Corporation,* 255 La. 597, 232 So.2d 285 (1970).
[59] *In Re Medical Review Panel of Heath,* 2021-01367 (La. 6/29/22); 345 So.2d 992, 996 (citation and internal quotation omitted).
[60] *Carter v. Haygood*, 2004-0646, p. 12 (La. 1/19/05); 892 So. 2d 1261, 1269.

While the moving party bears the burden of proving prescription, "when prescription is evident from the face of the petition, the burden shifts to the plaintiff to show the action has not prescribed."[61]

Plaintiff contends that his claims fall under the third category of *contra non valentem* because the AMTRAK Defendants fraudulently concealed the identities of the officers who searched his belongings on October 2, 2019. Alternatively, Plaintiff asserts that his claim falls under the fourth category because "the cause of action [was] not known or reasonably knowable by the Plaintiff" until September 21, 2022. ECF No. 149-1 at 8, 15.

### 1. "Debtor Concealment"

The third category of *contra non valentem* "encompass[es] situations where an innocent plaintiff has been lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant, or because of his failure to perform some legal duty whereby plaintiff has been kept in ignorance of his rights."[62] "In essence, this category applies when the defendant engages in conduct which prevents the plaintiff from availing himself of judicial remedies."[63] "The Louisiana Supreme Court has declined to find that the third category applies when a plaintiff was 'lulled' into inaction, but not affirmatively kept from investigating the situation."[64] This exception applies "only when (1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; (2) the

---

[61] *Prevo v. State ex rel. Dept. of Pub. Safety & Corrs. Div. of Prob. & Parole,* 2015-0823 (La. 11/20/15); 187 So.2d 395, 398 (citations omitted); *Hogg v. Chevron USA, Inc.,* 09-2632, p. 7 (La. 7/6/10), 45 So. 3d 991, 998; *In re Med. Rev. Panel of Gerard Lindquist,* 18-444, p. 3 (La. App. 5 Cir. 5/23/19), 274 So. 3d 750, 754, *writ denied,* 2019-01034 (La. 10/1/19), 280 So. 3d 165.
[62] *Carter,* p. 12, 892 So. 2d at 1269.
[63] *Prevo,* 187 So. 2d at 398 (citing *Whitnell v. Menville,* 540 So.2d 304, 308 (La. 1989)).
[64] *Global Oil Tools, Inc. v. Barnhill,* No. 12-1507, 2013 WL 5348438 (E.D. La. Sept. 23, 2013) (Barbier, J.) (citing *Marin v. Exxon Mobil Corp.*, 2009–2368 (La.10/19/10), 48 So.3d 234, 252 ("[w]hile [Defendant] misled plaintiffs by not disclosing the extent of the contamination when they learned of it, they certainly did nothing to prevent plaintiffs from investigating the cause of the sugarcane loss for themselves.")).

11

defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must have been reasonable in his or her inaction."[65]

### 2. "Discovery Rule"

The discovery rule applies to suspend prescription when the cause of action is not known or reasonably knowable by the plaintiff. This doctrine is applied only in the most extreme and exceptional circumstances.[66] It does not apply where a plaintiff's "ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned."[67] As the Fifth Circuit explained in *In re Taxotere (Docetaxel) Products Liability Litigation,* 995 F.3d 384:

> Actual knowledge is not required; constructive notice suffices. . . . Whatever is notice enough to excite attention and put the [plaintiff] on his guard and call for inquiry is tantamount to knowledge or notice of every[ ]thing to which inquiry may lead[,] and such information or knowledge as ought to reasonably put the [plaintiff] on inquiry is sufficient to start the running of prescription.[68]

In other words, "prescription runs 'from the time there is notice enough to call for *inquiry* about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim.'"[69] A plaintiff is obligated to investigate the facts in order to pursue his claim before the one-year prescriptive period lapses.[70]

### 3. Analysis

---

[65] *Marin v. Exxon Mobil Corp.,* 09–2368, 09–2371 (La.10/19/10), 48 So.3d 234, 252 (citations omitted); *see also Corsey v. State, Through Dept. of Corrs.,* 375 So. 2d 1319 (La. 1979) (holding that prescription suspended for a prisoner alleging prison officials' negligence caused brain damage that prevented him from understanding what had happened to him and what his legal remedies were).
[66] Marin, 48 So.3d at 245.
[67] Marin, 48 So.3d at 245-46 (collecting cases); *Becnel v. Mercedes-Benz USA, LLC,* No. 14-0003, 2014 WL 1918468, at *5 (E.D. La. May 13 2014) (quoting *Corsey v. State, Through Dep't of Corr.,* 375 So.2d 1319, 1321–22 (La. 1979)) (internal quotations omitted).
[68] *In re Taxotere,* 995 F.2d 384 (quoting *Cartwright v. Chrysler Corp.*, 232 So. 2d 285, 287 (1970)) (internal quotations omitted).
[69] *Id*. (citing *Terrel v. Perkins*, 704 So. 2d 35, 39 (La. Ct. App. 1997) (emphasis added)).
[70] *Id*. (citing *Rozas v. Dep't of Health & Hum. Res.,* 522 So. 2d 1195, 1197 (La. Ct. App. 1988)).

In opposition to the AMTRAK Defendants' Motion to Dismiss, Plaintiff argues that the limitation period should be equitably tolled under the fraudulent concealment doctrine based on Defendants' efforts "to keep all information concealed from Plaintiff" and their "fraudulent concealment of all documents." ECF No. 149-1 at 14. Specifically, he claims that Defendants' actions prevented him from learning the cause of action or the identity of potential defendants such that he could pursue the cause of action. ECF No. 149-1 at 10-12. Plaintiff contends Defendants concealed their wrongdoing by failing to identify themselves as officers when they approached him. *Id*. at 15. Plaintiff further argues that the prescriptive period should be equitably tolled based on the discovery rule because, despite his "reasonable diligence to find out who the Defendants were," he did not learn their identities until 2022. *Id*. at 8-9, 14.

Plaintiff's Second Amended Complaint asserts that Defendant Raymond DelValle approached him outside of an AMTRAK train, told Plaintiff he was looking for a person named Brandon Lewis, and "pulled out his badge" to initiate a stop. ECF No. 144 at 3 ¶ 3. Plaintiff was then taken to another room and handcuffed, after which the "Louisiana State Trooper K-9 unit arrived." *Id*. ¶ 4 at 3. Plaintiff later asserts that the officers "never identified themselves" and were wearing plain clothes. *Id*. ¶ 8 at 4. Plaintiff's Complaint also alleges that "he was presented a verbal notice of pending forfeiture along with a false address to the Louisiana State Police." *Id*. ¶ 1 at 10. Plaintiff purportedly called the New Orleans Police Department for assistance but the officer who spoke with him did not provide the names of any officer involved in the October 2019 incident.

Plaintiff's Second Amended Complaint does not assert any facts supporting a finding of debtor concealment as necessary to warrant application of equitable tolling to this facially prescribed action. First, Plaintiff does not identify any specific conduct by either Raymond

13

DelValle or AMTRAK which rises to the level of concealment, misrepresentation, fraud or ill practice. Although Plaintiff alleges that he was "given no name of the officers," he does not assert that he asked the officers their names when they stopped him and they refused to answer. In fact, Plaintiff's claims that DelValle showed him a badge and that the Louisiana State Police K-9 unit later arrived, which facts reflect that Plaintiff should have been aware that he was dealing with state or federal law enforcement officials on October 2, 2019. Moreover, as to AMTRAK itself, Plaintiff has made no allegations of its efforts to fraudulently conceal its involvement. Given the fact that Plaintiff was boarding an AMTRAK train at the time of the incident, any claim that AMTRAK's presence was concealed from him falls short.

Even if Plaintiff had stated a claim of concealment, he has failed to explain how any such alleged concealment effectually prevented him from pursuing a cause of action. While Plaintiff asserts that he was unable to learn the officers' names when he called the New Orleans Police Department, he does not identify any other effort to timely identify the state or federal officers. For example, Plaintiff does not claim to have called the Louisiana State Police, which entity purportedly sent a K-9 unit to the AMTRAK station on the date in question, or any other law enforcement agency. Nor has Plaintiff alleged that he filed a protective suit against local, state, or federal law enforcement agencies in order to interrupt prescription and conduct discovery to ascertain the officers' names.

Finally, Plaintiff has not demonstrated that he was reasonable in his inaction given the myriad of choices he could have made to preserve his claim. Plaintiff did not need to know DelValle's name specifically to timely file this suit. Indeed, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the

injury."[71] Thus, the argument that Plaintiff could not file suit sooner because he did not know the officer's name to identify him as the defendant is meritless. There are numerous cases in which a plaintiff files suit against John or Jane Does when the defendant's position is known but his or her name is not.[72] Like those cases, Plaintiff could have filed suit against the officer as an unnamed state or federal official and substituted the proper person when his identity was ascertained during discovery.[73] Accordingly, Plaintiff's *contra non valentem* argument is without merit.

C. **Conspiracy**

The AMTRAK Defendants urge this Court to adopt the reasoning set forth in Chief Judge Brown's Order and Reasons because Plaintiff's claims against them "closely parallel" those brought against the state trooper defendants. ECF No. 148-1 at 2. In so arguing, however, Defendants fail to acknowledge that Plaintiff has raised an additional § 1985 conspiracy claim against the AMTRAK Defendants. Instead, Defendants merely argue that Plaintiff's conspiracy allegations are insufficient to toll the prescriptive period.

Section 1985 proscribes conspiracies to interfere with civil rights, including (1) preventing officers of the United States from performing duties; (2) obstructing justice by, *inter alia,* intimidating a party, witness, or juror; and (3) depriving persons of equal protection of the laws,

---

[71] *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir. 1993) (quoting *Lavellee v. Listi,* 611 F.2d 1129, 1130 (5th Cir. 1980)).
[72] *Dixon v. Hubert,* 260 F. App'x. 727, 728 (5th Cir. 2007) (citing *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
[73] *See, e.g., Bivens, Carcamo-Lopez v. Does 1 through 20,* 2011 WL 318148 (W.D. Tex. Jan 29, 2011) (finding that amended complaint against specific border patrol agent related back to original complaint against an unnamed border patrol agent) (Citing *Montgomery v. U.S. Postal Serv.,* 867 F.2d 900, 903–04 (5th Cir.1989) (allowing relation back for amendment adding the Postmaster General as a defendant where United States Attorney was served with process within the statute of limitations); *Edwards v. United States,* 755 F.2d 1155, 1158 (5th Cir.1985) (allowing relation back for amendment adding the United States as a defendant where United States Attorney was served with process within the statute of limitations); *Fludd v. U.S. Secret Serv.,* 102 F.R.D. 803, 804–05 (D.D.C. 1984) (allowing relation back for new Bivens claims against Secret Service officers in their individual capacities, where United States Attorney was properly served within the statute of limitations); *see also Dixon v. Hubert,* 260 F. App'x. 727, 728 (5th Cir. 2007) (indicating that the proper procedure when a plaintiff knows only the position of an individual defendant is to bring suit against "John or Jane Does")).

or of equal privileges and immunities under the law. 42 U.S.C. § 1985. While Plaintiff's Second Amended Complaint does not specify under which subpart of § 1985 his conspiracy claims arises, the facts asserted appear to implicate §§ 1985(2) and (3).

Two types of conspiracy claims arise out of § 1985(2). The first requires a showing of "a conspiracy of two or more people, which is causally connected to a federal court proceeding in that it directly affects or attempts to affect parties, witnesses, or jurors in a federal court."[74] "A conspiracy claim under the second part of Section 1985(2) requires a showing that two or more persons conspired to obstruct justice in a state court proceeding, and that they were motivated by a race or class-based animus."[75] In this case, Plaintiff alleges that Defendants conspired to violate his civil rights from the time his items were seized through his state court proceedings; therefore, Plaintiff's allegations arise out of the second part of § 1985(2).

Plaintiff also appears to assert a claim under § 1985(3), which involves "two or more persons in any State or Territory [who] conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). To state a viable claim under either § 1985(2) or § 1985(3), a plaintiff must show that two or more individuals conspired, and only conspiracies motivated by racial or class-based animus are actionable.[76]

Citing *Hooker v. Roadway Express, Inc.* No. 02-3397, 2003 WL 21056826, at *3 (E.D. La. May 7, 2003), the AMTRAK Defendants contend that Plaintiff cannot establish a prima facie case of civil conspiracy, and thus his conspiracy assertions do not save his prescribed claims. *Id* at 12. *Hooker*, however, is procedurally inapposite. In that case, the court determined that plaintiff's

---

[74] *James v. MedicalControl, Inc.,* 29 F. Supp. 2d 749, 754 (N.D. Tex. 1998) (citing *McLean v. Int'l Harvester Co.,* 817 F.2d 1214, 1218 (5th Cir. 1987); *Bradt v. Smith*, 634 F.2d 796, 800–01 (5th Cir. 1981)).
[75] James, 29 F. Supp. 2d at 754.
[76] *Gonzalez v. Gillis,* No. 21-60634, 2023 WL 3197061, at *4 & n.6 (5th Cir. 2023); *Cantu v. Moody,* 933 F.3d 414, 419 (5th Cir. 2019) (noting that, in the Fifth Circuit, the only conspiracies actionable under section 1985(3) are those motivated by racial animus) (citations omitted).

fraud, malicious prosecution, libel, slander, willful negligence, and defamation claims were barred by prescription, and thus did not address whether the Plaintiff failed to state a valid claim upon which relief could be granted on those causes of action. *Id*. at *2. The court then *separately* addressed Plaintiff's civil conspiracy claim under Rule 56 because the parties introduced matters outside of the pleadings. It was only then that the court considered whether the plaintiff had established a prima facie case of civil conspiracy and determined that there was no claim for civil conspiracy that could be supported by the documents. *Id*. at *3.

Here, the AMTRAK Defendants seek dismissal of all of Plaintiff's claims against them under Rule 12(b)(6), arguing solely that the claims are prescribed and no equitable tolling exception applies. *See* ECF No. 148-1 at 1-2. This Court cannot consider, as Defendants suggest, whether Plaintiff has "established" a prima facie case of civil conspiracy under Rule 12(b)(6) at this time. Instead, the court considers whether Plaintiff has stated a § 1985 claim that is facially plausible,[77] and whether such claim is prescribed on the face of the complaint.

### 1. Failure to State a § 1985 Claim

Plaintiff's complaint does not "contain sufficient factual matter, accepted as true," to state a facially plausible §§ 1985(2) or (3) conspiracy claim with respect to AMTRAK or DelValle.[78] At most, Plaintiff conclusorily contends that all Defendants "conspired to violate" his civil rights.[79] Without further factual allegations, the court cannot "infer more than mere possibility" that any defendant conspired with anyone to obstruct justice in a state court proceeding or deprive Plaintiff of equal protection.[80] Plaintiff's "threadbare recital of the conspiracy element of a cause of action under § 1985(2) or (3), supported by a conclusory statement that a conspiracy exists, does not

---

[77] *Iqbal*, 556 U.S. at 678 (citation omitted).
[78] *Id*.
[79] *See* ECF No. 142 ¶ 9, at 7; ¶ 15 at 9.
[80] *Iqbal*, 556 U.S. at 679.

suffice,"[81] particularly because Plaintiff not asserted that the alleged conspiracy between Defendants was motivated by race or class-based animus.

Even if Plaintiff had stated a plausible claim under §§ 1985(2) or(3), however, the Fifth Circuit has held that "plaintiffs are precluded from bringing [conspiracy] claims against multiple defendants employed by the same government entity" as "an agency and its employees are 'a single legal entity . . . is incapable of conspiring with itself.'"[82] Therefore, to the extent Plaintiff alleges that DelValle conspired with his employer AMTRAK, that claim is not plausible under Fifth Circuit precedent.

For these reasons, Plaintiff's Second Amended Complaint fails to state a claim under § 1985. Given Plaintiff's *pro se* status and the fact that he first asserted this conspiracy claim in his Second Amended Complaint, Plaintiff should be allowed an opportunity to file an amended complaint as to these claims only.[83]

### 2. Prescription and Tolling

Out of an abundance of caution, the court also considers whether Plaintiff's § 1985 civil rights conspiracy claim is prescribed on the face of the complaint and whether Plaintiff's characterization of the various events following the October 2, 2019 incident as a "conspiracy" warrants equitable tolling of prescription.

While § 1985, like § 1983, borrows its statute of limitations from state law, to determine when a § 1985 action accrues, the court must consider federal law,[84] which provides that a plaintiff's cause of action run separately from each overt act that the plaintiff alleges is part of a

---

[81] *Gonzalez*, 2023 WL 3197061, at *4 (citing *Iqbal*, 556 U.S. at 679).
[82] K*onan v. United States Postal Service,* 96 F.4th 799, 805 (5th Cir. 2024) (quoting *Thornton v. Merchant,* 526 F. App'x 385, 388 (5th Cir. 2013) (quoting *Benningfield v. City of Hous.,* 157 F.3d 369, 378 (5th Cir. 1998)) and citing *Tex. Democratic Party v. Abbott,* 961 F.3d 389, 410 (5th Cir. 2020) (holding "a corporation cannot conspire with itself any more than a private individual can" (quoting *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)).
[83] *See Gonzalez,* 2023 WL 2197061, at *6-*7.
[84] *Helton*, 832 F.2d at 335.

conspiracy.[85]  "Therefore, plaintiffs may only recover for those overt acts that they have specifically alleged occurred within the prescription period."[86]  To allow otherwise would be to defeat the doctrine of prescription.[87]  Plaintiff filed this suit on October 18, 2022.  ECF No. 1.  Accordingly, any overt acts alleged by the Plaintiff that occurred before October 18, 2021 are prescribed and, for the reasons set forth above, not subject to equitable tolling.

Likewise, Plaintiff's characterization of events as occurring in the course of a conspiracy does not extend the time when the statute of limitations begins to run on his § 1983, ADA, or state law claims.[88]  Indeed, "once a claim has prescribed, it cannot be revived by the filing of a lawsuit against other alleged co-conspirators, when the allegations are untimely as to the original defendant."[89]  However, while a time-barred incident may not provide a basis for recovering damages as a result of that incident, a plaintiff still may present evidence of that incident to the jury for other purposes, such as showing a scheme to violate his rights.[90]  Therefore, Plaintiff's conspiracy allegations do not serve to toll the prescriptive period on his other claims.

### IV.   CONCLUSION

Plaintiff's § 1983, ADA, Rehabilitation Act, and state law claims are facially prescribed and not subject to equitable tolling.  Further, Plaintiff has failed to state a plausible § 1985 conspiracy claim.  Even if he had, such a claim would not revive his other prescribed claims.  Plaintiff should be allowed an opportunity to amend his complaint as to his § 1985 claims against the AMTRAK Defendants only, as any overt acts committed in furtherance of the alleged conspiracy between October 18, 2021 and the date Plaintiff filed suit would not be facially

---

[85] *Morales v. State,* No. 94-1194, 1996 WL 442229, at *5 (E.D. La. Aug. 2, 196) (Vance, J.) (citing cases).
[86] *Id*.
[87] *Matthews v. City of Bossier City*, No. 23-894, 2023 WL 8195516, at *6 (Nov. 9, 2023) (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.,* No. 03-442, 2004 WL 7334950, at *3 (M.D. La. May 10, 2004)).
[88] *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir. 1987)
[89] *Matthews*, 2023 WL 8195516, at *6
[90] *Id*. (citing *Turner v. Upton Cnty,* 967 F.2d 181, 185 (5th Cir. 1992))

prescribed and thus not subject to dismissal on limitations grounds. Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that the AMTRAK Defendants' Motion to Dismiss (ECF No. 148) be GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against the AMTRAK Defendants under 42 U.S.C. § 1983, the ADA, the Rehabilitation Act, Louisiana tort law, and § 1985 conspiracy claims as to overt acts occurring before October 18, 2021 be DISMISSED WITH PREJUDICE as prescribed.

IT IS FURTHER RECOMMENDED that Plaintiff's § 1985 conspiracy claims as to overt acts occurring after October 18, 2021 be DISMISSED WITHOUT PREJUDICE, but that Plaintiff be permitted to amend his complaint within 14 days.

New Orleans, Louisiana, this __29th__ day of July, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE