UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRESTON LEWIS | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4007 |
| JONATHAN FRIEDMAN, ET AL. | * | SECTION "P" (2) |

**REPORT AND RECOMMENDATION**

Pending before me pursuant to Judge Papillion's April 26, 2024 Order of Reference is Defendant Judge Melvin Zeno's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. ECF Nos. 180, 161, 170. Plaintiff timely filed Opposition Memoranda. ECF Nos. 163, 175. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, IT IS RECOMMENDED that Judge Zeno's Rule 12(b)(6) Motion be GRANTED, and his Rule 12(b)(5) Motion be DENIED AS MOOT for the reasons stated herein.

**I.   BACKGROUND**

   **A.   Relevant Case History**

Plaintiff filed this civil rights action against multiple defendants, including Judge Zeno, on October 18, 2022. ECF No. 1. He filed a First Amended Complaint on February 20, 2023,[1] and a Second Amended Complaint on January 8, 2024.[2]

   **B.   Factual Allegations**

As stated more fully in this Court's Report and Recommendation on the AMTRAK Defendants' Motion to Dismiss (ECF No. 194), Plaintiff alleges that his constitutional rights were

---
[1] ECF Nos. 25, 39.
[2] ECF Nos. 142, 144.

1

violated on October 2, 2019 when, while he was attempting to board an AMTRAK train, two plainclothes officers, who he now knows to be a Louisiana State Trooper[3] and Amtrak Police Department Detective Raymond DelValle, detained him, searched him against his will, brought in the "Louisiana State Trooper K-9 unit" to conduct an open-air sniff, and seized, *inter alia,* $11,020 in cash from a vacuum sealed bag in Plaintiff's possession.

According to Plaintiff, no criminal charges were ever brought against him, and he "took it upon himself" to file a claim in the Orleans Parish District Court for the return of his property. Plaintiff alleges that he filed "the contested papers" with the court on November 1, 2019, "within the statutory deadline."[4] Because Plaintiff did not receive any notices from the court regarding his contested property forfeiture, he alleges he contacted the court in early 2020 but was informed that the courthouse was closed due to COVID-19. He nevertheless continued to contact the court and the Orleans Parish District Attorney's Office and was eventually informed that Plaintiff lost his property for failure to respond to the notices the court sent to the address it had on file for Plaintiff.[5] Plaintiff later discovered a notice of an upcoming court date on September 21, 2022, which he contends he did not receive from the court or his attorney.[6] Plaintiff alleges that he nevertheless appeared and represented himself at the September 21 hearing, during which a judge ordered the return of the property to him. Plaintiff alleges he has taken the court's order to every evidence location in New Orleans and was told they have no such property and have never had any such

---

[3] The state trooper is not named in Plaintiff's Second Amended Complaint because Plaintiff's claims against him and other Louisiana state officials were dismissed before the filing of Plaintiff's Second Amended Complaint. *See* ECF No. 57; *see also* ECF No. 141 (requiring Plaintiff to remove the troopers' names from the proposed second amended complaint to avoid any confusion as to whether Plaintiff was attempting to re-assert his claims against these defendants).
[4] *Id*.
[5] *Id*. at 11.
[6] *Id*.

2

property.[7] As of the filing of his Second Amended Complaint, Plaintiff still had not been able to recover the property that was taken from him.[8]

Plaintiff's Second Amended Complaint alleges a multitude of claims against numerous defendants, including Judge Zeno.[9] Plaintiff attempts to summarize his legal claims in four different parts of his complaint, but each summary includes claims slightly different from the others.[10] Combining the four summaries and construing this *pro se* Plaintiff's allegations broadly, Plaintiff appears to assert claims under (1) Louisiana Civil Code article 2315; (2) 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments;[11] (3) Title II of the Americans with Disabilities Act ("ADA") of 1990; (4) Section 504 of the Rehabilitation Act of 1973; and (5) 42 U.S.C. § 1985 for conspiracy to violate his civil rights.[12] Plaintiff's § 1985 claim alleges that the state troopers and DelValle, along with Orleans Parish Assistant District Attorneys D'Antoni, Hoth, and Giavotella, Judge Zeno, and the Clerk of the Orleans Parish Criminal District Court, conspired with each other to fraudulently conceal all information from Plaintiff to cover up for the state troopers and DelValle and to keep Plaintiff from recovering for the violation of his civil rights, all for the purpose of protecting the State of Louisiana's financial interest.[13] Plaintiff seeks $50,000,000 in damages.

The extent of Plaintiff's claims against Judge Zeno specifically are as follows:

> Melvin Zeno is a Judge of the Criminal District Court Parish of Orleans State of Louisiana who[se] purpose is to preside over hearings and listen to the arguments of opposing parties and to apply the law by overseeing the legal process in courts.

---

[7] *Id*.
[8] *Id*. at 14–15.
[9] Other defendants include K-9 Boyka; the Office of National Drug Control Policy; Orleans Parish Assistant District Attorneys Blaise D'Antoni, Randi Hoth, and Alexandra Giavotella; "Unknown Conductor Captain of AMTRAK Train;" the Clerk of Court for the Orleans Parish Criminal District Court; and Cuong Vu.
[10] *See* ECF No. 144 at 2, 6, 9, 19–20.
[11] Plaintiff also references 42 U.S.C. § 1988, which merely provides the applicable law in federal civil rights cases and permits courts to award reasonable attorneys' fees to the prevailing party in a civil rights suit.
[12] ECF 144 at 18–19.
[13] *Id.*

3

> Judges also conduct pretrial hearings, resolve administrative disputes[,] facilitate negotiations between opposing parties[,] and issue legal decisions. For Plaintiff Preston Lewis[,] that law was completely violated during its enforcement. Melvin Zeno['s] action as a Judge who[se] responsibility is to uphold the constitutional law believed he was acting in honor of the law when he took on the case of Plaintiff Preston Lewis[, but he executed] the case without giving proper notice to the Plaintiff [and] he never heard any sides of the case[,] resulting in the deprivation of the Plaintiff['s] property as well making it impossible for the Plaintiff to access the court as this discretion was done outside of the Judge['s] Judicial Duties.
>
> Plaintiff['s] files were hidden [such that] no one could access the files to have a proper hearing[, m]aking it impossible for the Plaintiff to pay bills[,] []resume his business[,] as well pay his medical bills and [receive] medical attention. Actions was done with malicious intent without reasonable probable cause [sic].

ECF No. 142 at 15.

### C. The 12(b)(5) Motion

Judge Zeno moves for dismissal of all claims brought against him under FED. R. CIV. P. 12(b)(5) due to insufficient service of process. ECF No. 161. Judge Zeno argues that Plaintiff's service of a copy of the summons and complaint to an individual employed by the Louisiana Attorney General at the Louisiana Department of Justice located at 1885 North Third Street in Baton Rouge, Louisiana is improper service as to Judge Zeno because FED. R. CIV. P. 4(e)(1) and 4(e)(2) and Louisiana Code of Civil Procedure articles 1231, 1232, and 1234 require personal or domiciliary service on a defendant, neither of which occurred Zeno. ECF No. 161-1 at 1-3. Because Plaintiff failed to comply with the applicable service requirements, Judge Zeno requests that the court either dismiss the claims against him prejudice or quash the summons. *Id*. at 3.

In Opposition, Plaintiff argues that Judge Zeno's motion should be denied as untimely under Rule 4(m). ECF No. 163-1.

### D. The Rule 12(b)(6) Motion

Judge Zeno also moves for dismissal with prejudice of all claims asserted against him on the basis of absolute judicial immunity. ECF No. 170. Judge Zeno is a retired Louisiana state

4

district court judge who retired in 2008 and has since been appointed to sit as an ad hoc judge in various state courts when needed, including an appointment to the Criminal District Court for the Parish of Orleans during the time period referenced in Plaintiff's complaint. ECF No. 170-1 at 1-2. Judge Zeno argues that Plaintiff's claims against him, while vague and conclusory, clearly refer to Judge Zeno's actions in presiding over Plaintiff's case in Judge Zeno's capacity as an ad hoc judge and, as such, is barred by absolute judicial immunity. *Id*. at 4. Judge Zeno also argues that Plaintiff has alleged no specific acts that would overcome judicial immunity. *Id*. at 3-4.

Plaintiff argues in Opposition that "Melvin Zeno presided over a case that was in defaulted making rulings granting the State possession over Plaintiff [sic] property without giving notice to Plaintiff" and that Judge Zeno engaged in a conspiracy to violate Plaintiff's constitutional rights along with other state actors. ECF No. 175 at 3. Plaintiff further argues that Judge Zeno "did not make the court accessible to Plaintiff, made rulings inconsistent with Louisiana law, and deprived Plaintiff of due process. Plaintiff also contends that Orleans Parish Criminal District Court did not have personal jurisdiction over Plaintiff or his property. *Id*. at 4-5. Plaintiff argues that, because Judge Zeno's actions violated a statutory or constitutional right that was clearly established at the time of conduct, he is not immune from suit under 42 U.S.C. § 1983. Likewise, Plaintiff avers that Judge Zeno is not immune from an ADA action. *Id*. at 6-8.

## II. APPLICABLE LAW

### A. Improper Service

Under Federal Rule of Civil Procedure 12(b)(5), a party may seek dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner.[14] "In the absence of valid service of process,

---

[14] FED. R. CIV. P. 12(b)(5). *See also Wallace v. St. Charles Par. Sch. Bd.*, No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005).

proceedings against a party are void."[15]  "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."[16]  "If a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[17]

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[18]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[19]  When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[20]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[21]  Thus, it is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[22]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[23]

---

[15] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design,* 635 F.2d 434, 435 (5th Cir. 1981).
[16] *Id.*
[17] *Thomas v. New Leaders for New Schools,* 278 F.R.D. 347, 349–50 (E.D. La. 2011) (citing FED .R. CIV. P. 4(m)).
[18] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[19] *Id.*
[20] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).
[21] *Twombly*, 550 U.S. at 555 (citation omitted).
[22] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[23] *Iqbal,* 556 U.S. at 678 (citation omitted).

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[24]

"The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[25] The complaint must include enough factual matter to raise a right to relief above the speculative level[26] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[27] Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[28] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[29] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[30]

### C. Absolute Judicial Immunity

"A judge's actions are protected by absolute judicial immunity, which is overcome in only two scenarios: (a) where the actions are 'not taken in the judge's judicial capacity' or (b) they are

---

[24] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[25] *Iqbal*, 556 U.S. at 678 (citations omitted).
[26] *Twombly*, 550 U.S. at 555.
[27] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).
[28] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[29] *Iqbal*, 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)).
[30] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations and citation omitted).

'taken in the complete absence of all jurisdiction.'"[31] Absolute immunity protects judges from suit, "not just from the ultimate assessment of damages,"[32] and applies to bar both Plaintiff's federal and state law claims.[33] Judges serving ad hoc likewise enjoy absolute judicial immunity for conduct that is judicial in nature.[34]

Courts consider four factors to determine whether an action is within a judge's judicial capacity:

> 1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.[35]

Application of immunity may be appropriate even if one or more of these factors is not met.[36] To determine whether there is a complete absence of jurisdiction in the context of judicial immunity, courts must broadly construe the scope of a judge's jurisdiction.[37] Even allegations of bad faith or malice cannot overcome judicial immunity.[38]

### III. ANALYSIS

A state official, like Judge Zeno, in his official capacity is not considered a "person" subject to suit under § 1983.[39] As a state court judge, any judgment against Judge Zeno in his official

---

[31] *Morrison v. Walker,* 704 F. App'x 369, 372-73 (5th Cir. 2017) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam)). *See also Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.").
[32] *Mireles v. Waco,* 502 U.S. 9, 11 (1991),
[33] *McCoy v. Bogan,* 20-388, 2022 WL 4492781, at *7 (M.D. La., 2022) (citing *Sharp v. Palmisano*, 13-5429, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013) (judicial immunity bars state law claims under Louisiana law).
[34] *See Price v. Irons*, 832 F. App'x 904 (5th Cir. 2021) (affirming district court's dismissal of claim against ad hoc judge on the basis of absolute judicial immunity); *Jackson v. Ricks*, No. 12-2803, 2013 WL 3930389, at *3 (E.D. La. July 29, 2013) (applying doctrine of absolute judicial immunity to acts performed by retired ad hoc judge).
[35] *Id*. (quoting *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (internal quotation omitted)).
[36] *Id*. (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).
[37] *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).
[38] *Mireles*, 502 U.S. at 11.
[39] *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71 (1989) (suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663,

capacity would be satisfied out of the state treasury rendering the State liable for any alleged wrongs.[40] Thus, the claims against the Judge in an official capacity are considered claims against the State of Louisiana itself, and are barred by the Eleventh Amendment.[41] The Eleventh Amendment to the United States Constitution prohibits suit against a State in federal court without the State's consent.[42] The State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it.[43]

In his individual capacity, each of Plaintiff's state and federal claims against Judge Zeno are barred by the absolute judicial immunity doctrine. Immunity applies to a judge acting in his authority as a presiding officer, regardless of whether the judge's actions were erroneous, malicious, or in excess of his authority.[44] "A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction."[45] Plaintiff's claims against Judge Zeno involve actions taken in his judicial capacity and Plaintiff has not urged any action that was nonjudicial in nature.[46] Indeed, Plaintiff himself acknowledges that Judge Zeno "believed he was acting in honor of the law when he took on [Plaintiff's] case."[47]

---

at *2 (E.D. La. Feb. 24, 2010) (ordering adopting R&R) (a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (same).

[40] LA. STAT. ANN. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).

[41] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524 at *3 (E.D. La. Jun. 21, 2007) (suit against Louisiana state judge in an official capacity is suit against the State); *Voisin's Oyster House, Inc.*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state).

[42] *Edelman v. Jordan*, 415 U.S. 659 (1974).

[43] LA. STAT. ANN. § 13:5106(A); LA. CONST. art. I, § 26; *Harris v. La. Office of Juvenile Justice*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing *Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)).

[44] *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996)).

[45] *Id.* (citing *Boyd*, 31 F.3d at 284).

[46] *Du Bois*, 336 F. App'x at 409 (citing *Boyd*, 31 F.3d at 284-85).

[47] ECF No. 142 at 15.

Although Plaintiff argues in his Opposition Memorandum that the Criminal Court for the Parish of Orleans, and in turn Judge Zeno, did not have personal jurisdiction over Plaintiff,[48] he provides no basis to support the notion that the Orleans Parish Criminal Court had no jurisdiction over criminal proceedings involving seizure of certain property during a search performed in New Orleans, Louisiana.  Because Plaintiff's conclusory claims against the Judge involve challenges to the Judge's rulings and actions during those criminal proceedings, Plaintiff has failed to state a plausible claim for relief against Judge Zeno in his individual capacity that would overcome the Judge's absolute immunity from suit.  To the extent Plaintiff seeks to appeal the Orleans Parish Criminal Court's rulings through this federal civil rights lawsuit, he is precluded from doing so by the *Rooker-Feldman* doctrine.[49]

Plaintiff also alleges that Judge Zeno was involved in the alleged conspiracy to violate his civil rights, but he makes no specific allegations regarding Judge Zeno's involvement and does not allege that he acted outside the scope of his duties or without jurisdiction.  Moreover, as the Fifth Circuit acknowledged in *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991), "[t]he fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity."[50]

Plaintiff sues Judge Zeno in his role as presiding judge over the state criminal proceeding. To the extent Plaintiff's claim against Judge Zeno is in his official capacity, the claim is barred by Eleventh Amendment.  If brought in his individual capacity, Judge Zeno enjoys absolute judicial

---

[48] *See* ECF No. 175 at 4-5.
[49] *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp,* 54 U.S. 291-92 (2005). *See also Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012).
[50] Citing *Holloway v. Walker,* 765 F.2d 517, 522 (5th Cir.), *cert. denied,* 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985); *Adams v. McIlhany,* 764 F.2d 294, 298 (5th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986).

immunity. Because Plaintiff's claims against Judge Zeno should be dismissed pursuant to Rule 12(b)(6), the court need not address whether service should be quashed under Rule 12(b)(5).[51]

## IV. CONCLUSION

Plaintiff fails to state a claim against Judge Zeno. Plaintiff does not set forth facts alleging Judge Zeno's actions were neither non-judicial in nature nor performed in total absence of jurisdiction. Thus, his federal and state law claims against Judge Zeno should be dismissed. Considering Plaintiff has had three opportunities to plead his best case against Judge Zeno,[52] his claims should be dismissed with prejudice at this time. Further, because a Rule 12(b)(6) dismissal is proper, the court need not address whether dismissal or quashing service is necessary under Rule 12(b)(5). Accordingly,

IT IS RECOMMENDED that Judge Zeno's Motion to Dismiss for Failure to State a Claim (ECF No. 170) be GRANTED and that all of Plaintiff's claims against Judge Zeno be DISMISSED WITH PREJUDICE for the reasons stated herein.

IT IS FURTHER RECOMMENDED that Judge Zeno's Motion to Dismiss for Insufficient Service of Process (ECF No. 161) be DENIED AS MOOT.

New Orleans, Louisiana, this 29th day of July, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[51] *See Patton v. City of Westwego*, 20-3408, 2023 WL 1979966, at *2 (E.D. La. Jan. 20, 2023) (citing *Perez v. Miller*, No. 21-0048, 2022 WL 557491, at *4 (E.D. La. Feb. 1, 2022) (noting that an attempt to remedy service "would only delay the inevitable" because, even if proper service were to be effected, the claims would still subject to dismissal on the alternative grounds identified in the motion), *adopted*, 2022 WL 539287 (E.D. La. Feb. 23, 2022)).
[52] *See* ECF No. 1 (Complaint); ECF No. 39 (Amended Complaint); *and* ECF No. 144 (Second Amended Complaint).