UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESTON LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4007** |
| **JONATHAN FRIEDMAN, ET AL** | **SECTION: "P" (2)** |

### ORDER

Having considered the operative complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendations (R. Doc. 194), and the Partial Objection thereto (R. Doc. 202) filed by Defendants National Railroad Passenger Corporation and Raymond DelValle ("AMTRAK Defendants"), the Court hereby sustains the AMTRAK Defendants' Partial Objection and adopts in part and modifies in part the Report and Recommendations of the Magistrate Judge, as explained herein.

For the reasons set forth by the Magistrate Judge, this Court agrees that Plaintiff's claims against the AMTRAK Defendants under 42 U.S.C. § 1983, the ADA, the Rehabilitation Act, and Louisiana tort law are prescribed and therefore should be dismissed with prejudice.

Regarding Plaintiff's 42 U.S.C. § 1985 conspiracy claims, the Magistrate Judge found, and this Court agrees, that Plaintiff failed to state a facially plausible conspiracy claim. The Magistrate Judge further found that, to the extent Plaintiff could allege facts sufficient to support a conspiracy claim, any claim based on overt acts occurring *before* October 18, 2021 would be prescribed but that a claim based on overt acts occurring *after* October 18, 2021 would not be. Thus, the Magistrate Judge recommended that Plaintiff's § 1985 conspiracy claims as to overt acts occurring *before* October 18, 2021 be dismissed *with* prejudice and that Plaintiff's § 1985 conspiracy claims as to overt acts occurring *after* October 18, 2021 be dismissed *without* prejudice. Given Plaintiff's *pro se* status and the fact that he first asserted the § 1985 conspiracy claim in his Second Amended

Complaint, the Magistrate Judge also recommended that Plaintiff be granted 14 days to amend his complaint to support his § 1985 conspiracy claim against the AMTRAK Defendants based on overt acts occurring after October 18, 2021.

The AMTRAK Defendants object to the Magistrate Judge's recommendation related to Plaintiff's § 1985 conspiracy claim based on overt acts occurring after October 18, 2021. They argue Plaintiff has already pleaded his best case and any further amendment would be futile.[1] In support of their argument, the AMTRAK Defendants point out that since this lawsuit was instituted nearly two years ago, Plaintiff has already amended his complaint twice.  They contend all three of the complaints contain the same operative facts which comprise the basis for the myriad of claims Plaintiff asserts.  And they argue these core facts do not and cannot support a cause of action for conspiracy under § 1985 against the AMTRAK Defendants.  This Court agrees.

In the past two years, Plaintiff has reiterated his version of the facts underlying this lawsuit numerous times, both in his complaints as well as other filings with the Court.  And while Plaintiff has alleged facts regarding acts or events occurring after October 18, 2021, none of these facts involve the AMTRAK Defendants nor do any of Plaintiff's filings indicate that he has material facts related to the AMTRAK Defendants that could support a § 1985 conspiracy claim against them based on any overt acts occurring after October 18, 2021.  Thus, the Court finds that to grant Plaintiff leave to amend to allege such facts would be futile. For these reasons, the Court modifies the Magistrate Judge's recommendation and fully dismisses Plaintiff's § 1985 conspiracy claims against the AMTRAK Defendants with prejudice.

Accordingly,

---

[1] *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)) ("Generally, . . . a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed. . . . Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'").

**IT IS ORDERED** that the Motion to Dismiss Plaintiff's Second Amended Complaint (R. Doc. 148) filed by Defendants National Railroad Passenger Corporation and Raymond DelValle is **GRANTED**;

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against National Railroad Passenger Corporation and Raymond DelValle are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 23rd day of September 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

3