UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRESTON LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4007** |
| **JONATHAN FRIEDMAN, ET AL.** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court are various motions, as well as a petition for writ of quo warranto, which were filed into the record of the above-captioned matter by *pro se* Plaintiff Preston Lewis. The background of this case need not be repeated in full here, as the Court has summarized Plaintiff's allegations numerous times in ruling on motions submitted by the parties. For purposes of this Order and Reasons, suffice it to say, Plaintiff instituted this civil action against various defendants following his alleged arrest and the seizure of approximately $11,000 in cash that was on his person at the time of the arrest. Plaintiff alleges numerous causes of action arising under federal and state law and seeks $50,000,000 in damages.

After the filing of Plaintiff's most recent amended complaint, several defendants filed motions to dismiss Plaintiff's claims against them. The Court referred those motions to the Magistrate Judge for reports and recommendations, and the Magistrate Judge complied, filing five separate reports and recommendations. After the Court issued orders with respect to two out of the five reports and recommendations (and the underlying motions addressed therein), *pro se* Plaintiff Preston Lewis filed a Notice of Appeal.[1] Plaintiff's appeal was ultimately dismissed for want of jurisdiction because this Court had not yet rendered a final decision in this matter.[2] Indeed, at the time Plaintiff filed his Notice of Appeal, there were still claims pending in this action

---

[1] R. Doc. 211.
[2] R. Doc. 224.

against multiple defendants.³ While Plaintiff's appeal was pending, Plaintiff continued to file documents seeking various forms of relief in this Court. The Court now addresses those filings.

First, Plaintiff filed a Petition for Writ of *Quo Warranto* (R. Doc. 214). The Court cannot grant Plaintiff the relief he seeks for a number of reasons. Notwithstanding the fact that Plaintiff has attempted to institute a *quo warranto* proceeding in this already-pending civil proceeding for damages, something that is procedurally improper, Plaintiff lacks standing to institute a *quo warranto* proceeding because he is a private individual.⁴ Accordingly, even if this Court were to construe Plaintiff's petition as a motion appropriately before this Court seeking the issuance of a writ of *quo warranto*, Plaintiff is not entitled to the relief he seeks. Plaintiff's request (R. Doc. 214) is therefore **DENIED**.

Next, Plaintiff filed a Motion for Estoppel pursuant to Federal Rule of Civil Procedure 8(b) (R. Doc. 217). Plaintiff seeks to estop certain defendants from asserting the defenses of absolute immunity, qualified immunity, and prescription. Although Plaintiff cites to Federal Rule of Civil Procedure 8(b), Plaintiff does not provide any explanation as to how Rule 8(b) would entitle Plaintiff to the relief he seeks.⁵ Instead, it appears Plaintiff is attempting to invoke the doctrine of judicial estoppel. "The doctrine of judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position,' . . . particularly in situations where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'"⁶ The

---

³ *See id.*
⁴ *In re Tepe*, No. 24-10722, 2024 WL 4903718, at *2 (5th Cir. Nov. 1, 2024) ("A private individual lacks standing to institute a *quo warranto* proceeding."); *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 545–46, 547–48 (1915) (identifying *quo warranto* as "the prerogative writ by which the government can call upon any person to show by what warrant he holds a public office or exercises a public franchise"); *see also Superior Oil Co. v. City of Port Arthur*, 726 F.2d 203, 204 n.1 (5th Cir. 1984) ("Quo warranto suits are those through which the state acts to protect itself and the good of the public generally.").
⁵ Federal Rule of Civil Procedure 8(b) merely provides the rule for how a party must respond to a pleading.
⁶ *In re Oparaji,* 698 F.3d 231, 235 (5th Cir. 2012).

2

doctrine of judicial estoppel is designed to protect the integrity of the judicial process rather than to protect litigants.[7] It allows the court, within its sound discretion, to prohibit a party from manipulating the court by taking a position or making an argument clearly inconsistent with an earlier position made by that party when the party was successful in persuading a court to accept its earlier position or argument.[8] But here, Plaintiff has not shown that the defendants have taken any position in this case that is clearly inconsistent with a prior position or argument previously taken in any proceeding such that the integrity of the judicial process is in question. Instead, Plaintiff appears to argue that defendants made certain representations to him, that he relied on those representations to his detriment, and that the representations made to him are inconsistent with the representations defendants have made to this Court. Even if Plaintiff's argument is true, that is not grounds for judicial estoppel. Accordingly, Plaintiff's Motion for Estoppel (R. Doc. 217) is **DENIED**.

Next, Plaintiff filed a Motion for Stay Pending Appeal (R. Doc. 219), wherein Plaintiff sought to stay the above-captioned action while his appeal was pending. Because Plaintiff's appeal has since been dismissed, Plaintiff's Motion For Stay (R. Doc. 219) is **DENIED AS MOOT**.

Next, Plaintiff filed a Motion to Strike from the Record All Pleadings Made on Behalf of Defendants Involved in this Litigation (R. Doc. 221). Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.[9] Plaintiff seeks to strike all pleadings made on behalf of defendants that have claimed state authority or to be acting on behalf of the State of Louisiana in this action. Plaintiff contends the pleadings of these defendants fail to demonstrate what state

---

[7] *Id. (citing In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir. 1999)); *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 332 (5th Cir. 2007).
[8] *See In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d at 332 & n.18.
[9] FED. R. CIV. P. 12(f).

3

powers the defendants were acting under and that the pleadings assert frivolous claims and contain misrepresentations. Plaintiff states he has "successfully petition[ed] the court via [q]uo [w]arranto which gives Defendants 21 days to prove their state authority." Even if Plaintiff had been successful in his request for a writ of *quo warranto*, which he was not, as discussed above, none of Plaintiff's arguments provide sufficient bases to strike any portion of Defendants' pleadings, much less the pleadings in their entirety, under Rule 12(f). Accordingly, Defendant's Motion to Strike (R. Doc. 221) is **DENIED**.

Next, Plaintiff filed a "Motion for Judicial Review" (R. Doc. 222). Plaintiff's motion states that he submits "this Judicial Notice pursuant to Federal Rules of Evidence 201." Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. Under this rule, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."[10] A court "may take judicial notice on its own" and "must take judicial notice if a party requests it and the court is supplied with the necessary information."[11] Here, Plaintiff submits eight pages of "facts to be noticed," but upon review, what Plaintiff has submitted are not facts at all. Instead, in a somewhat incoherent fashion, Plaintiff provides eight pages of legal assertions. Because Plaintiff has not provided any adjudicative fact upon which the Court could take judicial notice under Federal Rule of Evidence 201, Plaintiff's Motion for Judicial Review (R. Doc. 222), which is more appropriately described as a motion for judicial notice, is **DENIED**.

Next, Plaintiff filed a Motion for Sanctions (R. Doc. 223). Plaintiffs seeks "sanctions against all acting attorneys who committed fraud on the court" pursuant to Federal Rule of Civil

---

[10] FED. R. EVID. 201(b).
[11] FED. R. EVID. 201(c).

Procedure 11(c). Yet Plaintiff failed to comply with the multiple requirements of Rule 11. First, Rule 11(c) states that "[a] motion for sanctions must describe the specific conduct that allegedly violates Rule 11(b)."[12] Plaintiff's motion fails to do so. Rule 11(c) also requires the motion for sanctions be served on the opposing party, and it further states that the motion for sanctions "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service."[13] This creates a "safe harbor" period during which a party can avoid sanctions by withdrawing or correcting the challenged document or position after receiving a motion for sanctions.[14] Plaintiff failed to serve his motion for sanctions on any of the defendants before filing it with the Court. His motion may be denied on this basis alone.[15] Plaintiff also mentions 28 U.S.C. § 1927, which, according to Plaintiff, "authorizes the court to impose sanctions for misconduct including fraud upon the court." In fact, 28 U.S.C. § 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To the extent Plaintiff is asserting that defendants have multiplied the proceedings in this case unreasonably and vexatiously by committing fraud upon the Court, this conclusory allegation lacks any factual support upon which the Court could make such a finding. Plaintiff's Motion for Sanctions (R. Doc. 223) is therefore **DENIED**.

---

[12] FED. R. CIV. P. 11(c)(2).
[13] FED. R. CIV. P. 11(c)(2).
[14] *See Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016).
[15] *See Mackey v. Am. Multi-Cinema, Inc.*, No. CV 20-1350, 2023 WL 4637076, at *2 (E.D. La. July 20, 2023) (denying Defendant's motion for sanctions under Rule 11 for failing to comply with Rule 11's safe harbor requirements).

Lastly, Plaintiff filed a Motion to Strike from the Record All Orders Made on Behalf of All Magistrate Judges Who Have Not Registered with FARA as Part of this Litigation (R. Doc. 225). Plaintiff moves to dismiss all orders made on behalf of magistrate judges in this case for failure to comply with FARA (the Foreign Agents Registration Act) pursuant to Federal Rule of Civil Procedure 12(f). As this Court has explained in numerous orders denying Plaintiff's prior motions to strike other court orders in this case, a judge's order is not a pleading that can be stricken from the record.[16] Rule 12(f) allows the court to strike certain matters from *pleadings*,[17] and the only pleadings according to the Federal Rules of Civil Procedure are: a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a cross claim, a third party complaint, an answer to a third party complaint, and a reply to an answer.[18] An order is not a pleading and therefore cannot be stricken pursuant to Rule 12(f). Plaintiff's Motion to Strike All Orders Made on Behalf of All Magistrate Judges (R. Doc. 225) is therefore **DENIED** on this basis alone. But the Court does not stop there.

Plaintiff contends the Magistrate Judges in this case lacked authority to enter orders because not all parties have consented under 28 U.S.C. § 636(c). Plaintiff is mistaken. All orders entered by the Magistrate Judges in this case have been done so with full authority pursuant to 28 U.S.C. § 636(b)(1)(A); and all report and recommendations entered by the Magistrate Judges in this case have been done so with full authority pursuant to 28 U.S.C. § 636(b)(1)(B). The parties' consent is not required. Plaintiff's argument lacks any merit.

Plaintiff also asserts the Magistrate Judges have wasted judicial resources by filing frivolous orders that are non-binding because the Magistrate Judges failed to comply with FARA's

---

[16] *See* R. Doc. 110 at 3; R. Doc. 67 at 2.
[17] *See* FED. R. CIV. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added).
[18] FED. R. CIV. P. 7(a).

registration requirements. FARA is an acronym for the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611, *et seq*. FARA requires the registration of, and disclosures by, an "agent of a foreign principal" who, either directly or through another person, within the United States (1) engages in "political activities" on behalf of a foreign principal; (2) acts as a foreign principal's public relations counsel, publicity agent, information-service employee, or political consultant; (3) solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of a foreign principal; or (4) represents the interests of the foreign principal before any agency or official of the U.S. government.[19] A "foreign principal" includes a government of a *foreign country* and a *foreign political party*, a person *outside the United States*, and any business entity organized under the laws and having its principal place of business in a *foreign country*.[20] A United States Magistrate Judge is therefore not an agent of a foreign principal and is not subject to FARA's registration requirements by virtue of their judicial appointment. This argument is therefore meritless as well. Accordingly, even if this Court had authority to strike orders under Rule 12(f), which it does not, Plaintiff has failed to establish that any of the orders entered by the Magistrate Judges in this case were done so improperly or without authority.

\*    \*    \*

With the exception of Plaintiff's Motion to Stay Pending Appeal, none of the documents or motions addressed herein had any merit at the time they were filed. Yet Plaintiff continues to litter this Court's docket with frivolous and meritless motions because he is unhappy with the outcome in this case thus far.[21] Plaintiff attempts to blame defendants for multiplying these

---

[19] 22 U.S.C. §§ 611(c)(1), 612.
[20] 22 U.S.C. § 611(b) (emphasis added).
[21] *See also* R. Doc. 110.

proceedings unreasonably and vexatiously, and he attempts to blame the Magistrate Judges for wasting judicial resources; but it is Plaintiff who has abused the judicial process with his frivolous motion practice, leading to a waste of judicial resources.  **Plaintiff is warned that if he continues to file frivolous documents and/or motions in this case, sanctions may be imposed against him.  Such sanctions may include monetary sanctions or a complete bar to filing any motions or pleadings without leave of court.**

IT IS SO ORDERED.

New Orleans, Louisiana, this 18th day of March 2025.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**