**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PRESTON LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4007** |
| **JONATHAN FRIEDMAN, ET AL.** | **SECTION: "P" (2)** |

<u>**ORDER AND REASONS**</u>

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants

Blaise D'Antoni, Randy Hoth, and Alexandra Giavotella (collectively, the "OPDA Defendants").[1]

The OPDA Defendants' motion was filed on December 9, 2025, with a submission date of

December 24, 2025.[2] To date, Plaintiff has not filed any opposition to the OPDA Defendants'

motion. Having considered the motion, the record, and the applicable law, the Court grants the

OPDA Defendants' motion and dismisses the remaining claims against them, for the following

reasons.

## I.    BACKGROUND

Plaintiff Preston Lewis, who is representing himself, brought this suit against the OPDA

Defendants and numerous other defendants alleging that they violated his rights in connection with

a state civil forfeiture proceeding. A detailed factual account of Plaintiff's allegations has been

provided in numerous, prior orders from the Court.[3] The OPDA Defendants previously filed a

motion to dismiss Plaintiff's claims against them, arguing that the sparse allegations against the

OPDA Defendants in Plaintiff's complaint do not adequately state any claim for relief and that,

even if Plaintiff did state a plausible claim against them, any claim would be barred by absolute

prosecutorial immunity because the claims arise out of alleged actions taken by the OPDA

---

[1] R. Doc. 238.
[2] *See* R. Doc. 238-2.
[3] *See, e.g.*, R. Docs. 194, 198.

Defendants in their role as advocates for the State. The OPDA Defendants' previous motion was referred to the Magistrate Judge for report and recommendations. The Magistrate Judge's Report and Recommendation, which was adopted by the Court as its opinion in this matter, explained that, construing Plaintiff's complaint broadly, Plaintiff appeared to assert claims against the OPDA Defendants under (1) Louisiana Civil Code article 2315; (2) 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution; (3) Title II of the Americans with Disabilities Act ("ADA") of 1990; (4) Section 504 of the Rehabilitation Act of 1973; and (5) 42 U.S.C. § 1985 for conspiracy to violate his civil rights.[4]  The Court dismissed Plaintiff's claims against the OPDA Defendants under 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act.[5] But, because the OPDA Defendants' motion to dismiss did not address Plaintiff's claims under 42 U.S.C. § 1985 or Louisiana Civil Code article 2315, those claims were not previously considered by the Court.[6]

The OPDA Defendants now move for dismissal of these remaining claims, arguing that the claims are barred by absolute prosecutorial immunity for the same reasons previously adopted by this Court and that, regardless of any immunity, Plaintiff has failed to state a facially plausible claim under either of these theories.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the

---

[4] R. Doc. 198 at 3; R. Doc. 228.
[5] R. Doc. 228.
[6] *See* R. Doc. 198 at 12.
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must

"draw all reasonable inferences in the plaintiff's favor."[9] The court need not, however, accept as

true legal conclusions couched as factual allegations.[10] To be legally sufficient, a complaint must

establish more than a "sheer possibility" that the plaintiff's claims are true.[11] If it is apparent from

the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled

to relief, the court must dismiss the claim.[12] The court's review is limited to the complaint and any

documents attached to the motion to dismiss that are central to the claim and referenced by the

complaint.[13]

## III.   LAW AND ANALYSIS

### A.  Plaintiff's 42 U.S.C. § 1985 Claims Against the OPDA Defendants

Section 1985 proscribes various types of conspiracies interfering with a person's civil

rights.[14] Plaintiff's complaint does not specify under which subpart of § 1985 his conspiracy claims

arise, but as has already been determined in this case, the facts alleged appear to implicate §

1985(2) and (3).[15] The second part of § 1985(2) "proscribes conspiracies that interfere with the

administration of justice in state court."[16] And § 1985(3) "proscribes conspiracies 'for the purpose

of depriving, either directly or indirectly, any person or class of persons of the equal protection of

the laws, or of equal privileges and immunities under the laws.'"[17] To state a plausible claim under

---

[8] *Id.*

[9] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[10] *Iqbal,* 556 U.S. at 678.

[11] *Id.*

[12] *Lormand*, 565 F.3d at 255–57.

[13] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[14] *See* 42 U.S.C. § 1985.

[15] R. Doc. 194 at 16.

[16] *Gonzalez v. Gillis*, No. 21-60634, 2023 WL 3197061, at *4 (5th Cir. May 2, 2023) (quoting *Daigle v. Gulf State Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986)).

[17] *Id.* (quoting *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987)).

either provision, plaintiff must sufficiently allege a conspiracy. Plaintiff has failed to do so here as to any of the OPDA Defendants.

With respect to his conspiracy claim, Plaintiff alleges that at all relevant times the people in a position of power over Plaintiff, including the detective, his lawyer, the prosecutors, and the judge, failed to properly do their job.[18] He further alleges that they "have all conspired to violate the civil rights of Plaintiff in the name of justice."[19] According to Plaintiff, this "group of people works with each other to combat crime within the State of Louisiana" and "[t]hat gives the conclusion that th[is] group of people have conspired to violate Plaintiff[']s civil rights."[20]

Plaintiff's allegation that these defendants "all conspired to violate" his civil rights is insufficient to state a plausible conspiracy claim because it is nothing more than a threadbare recital of the conspiracy element of a § 1985 claim, which is not entitled to the presumption of truth.[21] And while the Court must draw all reasonable inferences in Plaintiff's favor, it is not reasonable to infer that this group of people have conspired with one another in this case to violate Plaintiff's rights simply because they all work within the criminal justice system in Louisiana. Without additional factual allegations, the Court cannot "infer more than a mere possibility" that any of the OPDA Defendants conspired with anyone to violate Plaintiff's rights.[22] Accordingly, Plaintiff has not stated a plausible conspiracy involving the OPDA Defendants, and his § 1985 conspiracy claims against these defendants will be dismissed with prejudice.[23]

---

[18] R. Doc. 144 at 18.
[19] Id.
[20] Id.
[21] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[22] Id. at 679.
[23] Id. at 678 (explaining that more than a sheer possibility that a defendant acted unlawfully is required to meet the plausibility standard and survive a motion to dismiss).

### B. Plaintiff's State-Law Tort Claims Against the OPDA Defendants

Plaintiff's complaint states he is seeking "negligence" and "tort damages" from all defendants.[24] The Court has construed Plaintiff's negligence claim as a claim under Louisiana Civil Code article 2315.[25] To state a claim for negligence, a plaintiff must plausibly allege: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard of care (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-duty element); and (5) actual damages (the damages element).[26]

"The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law."[27] "The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty."[28]

In their motion to dismiss, the OPDA Defendants assert that they are not aware of any Louisiana law or jurisprudence suggesting that they (as prosecutors) owed duties to Plaintiff Preston Lewis (as a defendant in a forfeiture proceeding) that were breached by the actions alleged in the complaint. Considering Plaintiff's allegations regarding the conduct of the OPDA Defendants in the complaint, the Court agrees with Defendants' argument. The Court further agrees with Defendants' argument that Plaintiff's complaint also fails to plausibly allege the cause-in-fact or scope-of-the-duty elements. Even if Plaintiff's allegations pertaining to these defendants

---

[24] R. Doc. 144 at 9, 20.
[25] R. Doc. 198 at 3.
[26] *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023).
[27] *Hanks v. Entergy Corp.*, 944 So. 2d 564, 579 (La. 2006).
[28] *Farrell*, 359 So. 3d at 473.

are accepted as true, Plaintiff has only alleged that the Defendants failed to do certain acts in connection with the state-court forfeiture proceeding involving Plaintiff's property.[29] And yet, by his own allegations, Plaintiff was successful in his state-court forfeiture proceeding, and the state court ordered the return of his property.[30] For these reasons, Plaintiff has failed to state a plausible negligence claim against any of the OPDA Defendants, and the claims will be dismissed with prejudice.

*    *    *

The Court declines to grant Plaintiff leave to amend his claims against the OPDA Defendants given the length of time this action has been pending, the numerous allowances to amend that were previously granted, and the undue prejudice the OPDA Defendants would suffer if another amendment was allowed.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the OPDA Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (R. Doc. 238) is **GRANTED**. Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims against Defendants Blaise D'Antoni, Randy Hoth, and Alexandra Giavotella are **DISMISSED WITH PREJUDICE.**

The Clerk of Court shall update the Court's docket sheet to reflect that Defendants Blaise D'Antoni, Randy Hoth, and Alexandra Giavotella have been terminated from this action.

New Orleans, Louisiana, this 23rd day of February 2026.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 144 at 11–12, 14, 16, 18.
[30] R. Doc. 144 at 13–14.