**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF LOUISIANA

**PRESTON LEWIS,**

Plaintiff,

v. Civil Action No. 22-cv-4007

**JONATHAN FRIEDMAN, ET AL.,**

Defendants.

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 60(b)(4) MOTION TO VACATE VOID JUDGMENTS

Plaintiff **Preston Lewis** submits this Memorandum in Support of his Rule 60(b)(4) Motion to Vacate Void Judgments. Rule 60(b)(4) requires vacatur where a judgment is **void**, including where the court:

- denied **due process**,
- adjudicated rights **without notice**,
- relied on **ex parte evidence**,
- made **factual findings outside the record**,
- or acted **without jurisdiction**.

See *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010).

The dismissal orders entered in favor of the Clerk of Court (Rec. Doc. 227), OPDA defendants (Rec. Doc. 228), Del Valle and Amtrak (Rec. Doc. 208), State Troopers (Rec. Doc. 57), ONDCP/HIDTA (Rec. Doc. 226), and Judge Zeno (Rec. Doc. 209) are **void** because they were procured through **ex parte factual submissions,** adjudicated **without notice**, and issued **without the procedural safeguards required by the Constitution**.

## I. RULE 60(b)(4) REQUIRES VACATUR WHERE A JUDGMENT IS ENTERED WITHOUT DUE PROCESS

A judgment is void if it is entered "**in a manner inconsistent with due process of law**." *Espinosa*, 559 U.S. at 271.

Due process requires:

- notice,
- an opportunity to respond,
- an opportunity to challenge evidence,
- and an opportunity to present contrary evidence.

None of these requirements were met.

The Court's reliance on **ex parte factual evidence**—solicited privately, delivered privately, and used to adjudicate dispositive motions—renders every dismissal order **void**.

## II. REC. DOC. 69 PROVES THE COURT SOLICITED AND RELIED ON EX PARTE FACTUAL EVIDENCE

The most serious constitutional defect—and the one that independently voids every dismissal order—is the Court's solicitation, receipt, and use of **ex parte factual evidence**.

On May 31, 2023, the Court entered **Rec. Doc. 69**, stating:

"counsel for Defendant Clerk of Court… sent the attached letter to chambers' e-mail regarding the location of the seized cash…"

The attached letter (Exhibit A), dated May 30, 2023, states:

"Pursuant to the request of this Honorable Court… This property is currently being held at NOPD Central Evidence… under the name Preston Lewis."

This communication was:

- **requested by the Court,**
- **sent privately to chambers,**
- **not filed through CM/ECF,**

- **not served on Plaintiff,**
- **not sworn,**
- **not subject to adversarial testing,**
- **not introduced through Rule 12(d),**
- **not subject to Rule 56 evidentiary standards,**
- **not accompanied by any motion,**
- **not subject to any procedural safeguard.**

Yet the Court relied on this extra-record factual assertion to dismiss multiple defendants.

**A. Plaintiff was denied notice and an opportunity to be heard**

Plaintiff was not served with the letter before the Court considered it. He had no opportunity to:

- challenge its accuracy,
- present contrary evidence,
- cross-examine its author,
- or respond in any meaningful way.

This violates the core requirement of due process.

**B. The Court made factual findings outside the record**

The Court's order states:

"IT IS HEREBY ORDERED that the Clerk of Court enter this letter into the record."

This confirms:

- the judge **received** evidence privately,
- the judge **reviewed** evidence privately,
- the judge **relied** on evidence privately,
- only afterward did the judge **direct it to be filed**.

This is the exact scenario condemned in *In re Murchison*, 349 U.S. 133, 136 (1955): a judge cannot act on evidence obtained outside the adversarial process.

**C. The ex parte evidence was used to dismiss defendants**

The ex parte letter was used to dismiss:

- **Clerk of Court** (Rec. Doc. 227),
- **OPDA defendants** (Rec. Doc. 228),
- **Del Valle and Amtrak** (Rec. Doc. 208),
- **State Troopers** (Rec. Doc. 57),

- **ONDCP/HIDTA** (Rec. Doc. 226),
- **Judge Zeno** (Rec. Doc. 209).

Each dismissal order relies—explicitly or implicitly—on the factual premise supplied by the ex parte letter: that the Clerk of Court had no possession or involvement with Plaintiff's seized property.

A judgment based on ex parte factual submissions is **void**, not merely erroneous.

## III. THE COURT EXTENDED DISMISSALS BEYOND THE SCOPE OF THE MOTIONS FILED

Mapping each defendant to the motion actually filed:

- **Clerk of Court** filed Rec. Doc. 183.
- **OPDA defendants** filed Rec. Doc. 186.
- **Del Valle** filed his own Rule 12(b)(6) motion.
- **State Troopers** filed motions in Rec. Doc. 57.

However, the Court's dismissal orders:

- dismissed defendants **in capacities not addressed in their motions,**
- dismissed defendants **on grounds not briefed,**
- dismissed defendants **based on factual premises supplied ex parte,**

- dismissed defendants **who did not move for dismissal in all capacities**.

A district court may not dismiss claims **sua sponte** on grounds not raised, briefed, or noticed to the plaintiff. Such dismissals are **void** under Rule 60(b)(4).

## IV. THE COURT DISMISSED CLAIMS WHILE PLAINTIFF'S FILINGS WERE STILL PENDING

The docket shows:

- sur-reply pending,
- supplemental memorandum pending,
- notices of submission pending,
- deficiency notices pending,
- motions pending.

Yet the Court dismissed claims **before resolving Plaintiff's pending filings**.

A judgment entered without resolving pending filings—and without giving Plaintiff an opportunity to be heard—is **void**. See *Peralta v. Heights Medical Center*, 485 U.S. 80, 84 (1988).

## V. THE COURT'S RELIANCE ON EX PARTE EVIDENCE INFECTED ALL SUBSEQUENT DISMISSAL ORDERS

Following transfer of this case from Chief Judge Brown to Judge Papillion (Rec. Doc. 73), the Court's subsequent dismissal orders continued to rely on the factual premise established through the ex parte communication in Rec. Doc. 69.

The constitutional violation did not end with the filing of the letter; it **propagated** through every dispositive ruling thereafter.

This continuity of reliance on extra-record evidence across judicial reassignment underscores the systemic due-process violation infecting all dismissal orders.

## VI. THE JUDGMENTS ARE VOID AND MUST BE VACATED

Under Rule 60(b)(4), a judgment is void if:

- the court acted without jurisdiction,
- the court violated due process,
- the court relied on evidence outside the record,
- the court adjudicated without notice,
- the court adjudicated without an opportunity to be heard.

Each of these defects is present here.

The dismissal orders cannot stand.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **Declare void** the dismissal orders entered in favor of:
    - Raymond Del Valle (Rec. Doc. 208),
    - Troy Pichon (Rec. Doc. 57),
    - Steve Lynn (Rec. Doc. 57),
    - Trent Cuccia (Rec. Doc. 57),
    - Blaise D'Antoni (Rec. Doc. 228),
    - Randy Hoth (Rec. Doc. 228),
    - Alexandra Giavotella (Rec. Doc. 228),
    - Melvin Zeno (Rec. Doc. 209),
    - Clerk of Court (Rec. Doc. 227),
    - ONDCP/HIDTA (Rec. Doc. 226),
    - Amtrak (Rec. Doc. 208).
2. **Vacate** those orders.
3. **Reinstate** Plaintiff's Second Amended Complaint.

4. **Set a hearing** limited to the constitutional issues raised in this motion, including the scope and impact of the ex parte communication reflected in Rec. Doc. 69.

Respectfully submitted,

**Preston Lewis** Pro Se 5

De Luna Dr. Pensacola, FL 32506

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of __________ 2026, a true and correct copy of the foregoing Rule 60(b)(4) memorandum was filed using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Preston Lewis

Preston Lewis

Plaintiff, Pro Se